COMMONWEALTH *vs.* RICHARD D. WHITTIER.

Suffolk. February 6, 1979. — May 4, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Speedy trial. *Constitutional Law,* Speedy trial.

A judge did not err in dismissing an indictment for lack of a speedy trial where the defendant had been incarcerated for sixteen months when the judge granted his motion for a speedy trial and the Commonwealth had failed to place the case on a trial list as ordered by the judge. [22-23]

INDICTMENT found and returned in the Superior Court on August 9, 1976.

A motion to dismiss was heard by *Rutledge,* J.

*John W. Gibbons,* Assistant District Attorney, for the Commonwealth.

*David Skeels* for the defendant.

BRAUCHER, J. Eighteen months following indictment of the defendant on charges of breaking and entering, larceny and assault, a judge of the Superior Court granted the defendant's motion to dismiss the indictment for lack of a speedy trial. Among the judge's reasons was the Commonwealth's failure to place the case on the January,

1978, trial list contrary to the judge's prior order. The Commonwealth appealed under G. L. c. 278, § 28E. We affirm, because the judge could properly conclude that in the circumstances of this case the defendant was denied his right to a speedy trial.

The record reveals the following. On July 3, 1976, the defendant was arrested, arraigned and, after bail was set, committed to the Charles Street jail by a judge of the District Court. Some two weeks later, the District Court judge found probable cause and bound the defendant over for trial in Superior Court. On the petition of a psychiatrist at the jail, who stated that the defendant was "not psychologically able to await trial in a penal environment," the defendant was transferred to Bridgewater State Hospital on July 23, 1976, where he remained until his motion to dismiss was granted on February 17, 1978.

The defendant was indicted on August 9, 1976, and arraigned in the Superior Court on September 27, 1976, at which time counsel was appointed and a prior default removed. At a pretrial conference on October 25, 1976, his counsel agreed to the Commonwealth's suggested trial date of January 4, 1977. The case, however, did not appear on the trial list for that day. On January 14, a Superior Court judge granted the defendant's motion for a psychiatric examination to determine criminal responsibility at the time of the crime and also ordered an examination on competency to stand trial. The judge scheduled a hearing on the psychiatric report for February 2, 1977. Because of delays at Bridgewater in preparation of the report, the case was continued several times, apparently by agreement, until the report was filed in August, 1977. Colloquy at a status hearing in March, 1977, indicates that the defendant had consented in writing to remain at Bridgewater pending trial. On September 9, 1977, defense counsel and the Commonwealth agreed to seek a trial date of November 8, 1977.

The case appeared on the November list and was sent to the judge's session. On November 28, the judge granted

the defendant's motion for a speedy trial, filed on November 17, and agreed with the parties to "aim our thoughts" to November 30, 1977. The Commonwealth was unable to secure the attendance of all its witnesses on November 30. Over the defendant's objection, the judge set a new trial date of December 19, 1977, and denied the defendant's motion to dismiss. The case was not reached on December 19, and on December 20 the Commonwealth was unable to proceed because one of its key witnesses was hospitalized. The next day the judge continued the case to January 10, 1978, and ordered that there be no further continuances. The judge told counsel that he would be back in the county on another matter on February 17, 1978, and if the case had not been tried by then, he would allow the motion to dismiss.

The case did not appear on the list for January 10, 1978. The defendant renewed his motion to dismiss on January 11, and marked it for a hearing on January 20. The case was called that day in the first criminal session, and was assigned to a trial session. When it appeared that the assigned session was full, defense counsel returned to the first criminal session to seek another session, with no success. It appears from an affidavit that most trial sessions were crowded throughout the month, although several openings did exist. Severe snowstorms and continuing congestion in the trial calendar further delayed the case until February 17, when the judge granted the defendant's motion to dismiss the indictment. He gave as reasons the failure of the Commonwealth to place the case on the January, 1978, trial list "and other reasons."

*Barker* v. *Wingo*, 407 U.S. 514, 530 (1972), identifies four factors to be assessed in determining whether a defendant has been denied his right to a speedy trial: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." See also *Commonwealth* v. *Beckett*, 373 Mass. 329, 332 (1977); *Commonwealth* v. *Dabrieo*, 370 Mass. 728, 735-739 (1976); *Commonwealth* v. *Boyd*, 367 Mass. 169,

179-181 (1975). The "difficult and sensitive balancing process" involved in such determination "allows the trial court to exercise a judicial discretion based on the circumstances, including due consideration of any applicable formal procedural rule." *Barker* v. *Wingo, supra* at 528-529, 533. We cannot say that the judge in this case abused his discretion in granting the defendant's motion to dismiss for lack of a speedy trial. More than two and a half months following the judge's allowance of the defendant's motion for a speedy trial, the Commonwealth had not yet brought the defendant to trial, despite repeated warnings by the judge that he wanted the case tried promptly.

Unavailability of key prosecution witnesses and court congestion contributed heavily to this delay. Normally the unavailability of key witnesses due to circumstances beyond the Commonwealth's control is sufficient excuse for any ensuing delay and will not be weighed against the Commonwealth in considering the matter of excessive delay. *Barker* v. *Wingo, supra* at 531. *Commonwealth* v. *Daggett*, 369 Mass. 790, 794 (1976). See ABA Standards Relating to Speedy Trial § 2.3 (d) (i) (1974); Mass. R. Crim. P. 36 (b) (2)(B) (effective July 1, 1979). Similarly, delay due to court congestion, although to be charged against the Commonwealth, should be weighed less heavily than would be a deliberate effort to stall the trial. *Barker* v. *Wingo, supra* at 531. *Commonwealth* v. *Beckett*, 373 Mass. 329, 332 (1977), and cases cited. But see *Commonwealth* v. *Rego*, 360 Mass. 385, 392 (1971); ABA Standards, *supra*, § 2.3 (b). However, delays that would be excused or considered negligible in the ordinary case may amount to excessive delay when the defendant's right to a speedy trial is made specific by court order.

In the instant case, the defendant had already been incarcerated for sixteen months when the judge granted the motion for a speedy trial. In the face of the judge's order that the case be tried on January 10 with no further continuances, the Commonwealth failed to place the case on the January list. See G. L. c. 278, § 1; *Commonwealth*

v. *Beckett*, 373 Mass. 329, 343-345 (1977) (Liacos, J., concurring). The Commonwealth explains the failure by noting that the case was already in a trial session and could not be reached because of other scheduled trials. However, the judge's order called for more than ordinary diligence in proceeding to trial. Had the Commonwealth placed the case on the trial list and explained to the assigning judge the need for prompt action, the case could have been given priority and slotted in one of the several openings that occurred in various sessions. The judge gave the Commonwealth a full opportunity to explain the reasons for delay and its efforts to avoid delay. We have reviewed the transcripts of all the hearings on this issue and are satisfied that the judge could reasonably conclude that the Commonwealth's efforts to find a trial session in January were inadequate.

> *Order dismissing indictment*
> *affirmed.*