COMMONWEALTH *vs.* RICHARD I. LUDWIG.

Norfolk.    February 2, 1976. — April 2, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& WILKINS, JJ.

*Constitutional Law,* Double jeopardy, Speedy trial.

A defendant charged with a crime was not put in "jeopardy" where it
appeared that he and the Commonwealth were ready for trial in a
District Court and witnesses were sworn but none testified before
a continuance was granted, and that when the case was reached
again in that court it allowed the defendant's motion to dismiss the
complaint with prejudice without hearing any evidence. [33]
Dismissal "with prejudice" by a District Court of a criminal complaint
against a defendant on the ground that he had been denied his
right to a speedy trial, held when reached shortly after the date to
which it had been continued against the objection of the defendant,
and which was in excess of the prohibition in G. L. c. 276, § 35,
against delays in excess of "ten days ... against the objection of the
defendant," barred any subsequent prosecution of the defendant for
the same offense whether by later complaint in a District Court or
by indictment in the Superior Court. [33-35]

INDICTMENT found and returned in the Superior Court
on May 28, 1974.

Motions to dismiss were heard by *Leen,* J., and *Moyni-
han,* J., and the case was heard by *Moynihan,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Robert W. Hagopian* for the defendant.

*Robert B. Russell,* Assistant District Attorney, for the
Commonwealth.

REARDON, J.    The defendant appeals from a finding of
guilty at a jury waived trial in the Superior Court on an
indictment charging him with larceny. The appeal is pur-
suant to G. L. c. 278, §§ 33A-33G.

The following facts are pertinent. On September 25, 1973, complaints charging the defendant with larceny and conspiracy to commit larceny were issued by the District Court of Western Norfolk. To these charges he pleaded not guilty on the following day. On November 28, 1973, the Commonwealth and the defendant announced themselves ready for trial and witnesses were sworn. The defendant had filed a motion for trial by jury and sought a ruling on the motion, whereupon the Commonwealth requested a continuance of the case until February 6, 1974. The continuance was granted over the defendant's objection, and there was no ruling on the defendant's motion. Following some intermediate proceedings in the single justice session of this court the defendant's case was reached for trial again on February 19, 1974, at which time the defendant moved that the complaints be dismissed with prejudice on grounds of double jeopardy and denial of a speedy trial. This motion was allowed by the District Court judge on February 21. On May 28, 1974, the defendant was indicted by the Norfolk County grand jury for the identical crimes with which he had been charged in the District Court. He was arraigned on June 6, 1974, and he filed a motion to dismiss on June 11, 1974, based on a double jeopardy defense. This motion was denied on September 19, 1974, and a motion for reconsideration was denied on October 30, 1974. To both of these actions the defendant took exception. On December 11, 1974, the defendant again filed a motion to dismiss on the grounds of denial of a speedy trial and prosecutorial misconduct. This motion was denied after hearing on January 16, 1975, and the defendant duly excepted. The trial proceeded jury waived and the judge entered a finding of guilty against the defendant on January 21, 1975.

The defendant alleges here in his assignments of error that the denial of his motion to dismiss based on the defense of double jeopardy was error, as was the denial of his motion based on the denial of a speedy trial and on prosecutorial misconduct.

As to the denial of his motion based on double jeopardy there was no error. A defendant is not put in "jeopardy" within the meaning of the constitutional prohibition until he "is put to trial before the trier of the facts, whether the trier be a jury or a judge." *United States* v. *Jorn,* 400 U.S. 470, 479 (1971). As to the defendant's November 28, 1973, appearance in the District Court, while witnesses had been sworn none had testified, and it is equally clear that the trial had not commenced. "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. . . . In a nonjury trial, jeopardy attaches when the court begins to hear evidence." *Serfass* v. *United States,* 420 U.S. 377, 388 (1975). See *Commonwealth* v. *Brandano,* 359 Mass. 332, 334-335 (1971); *Commonwealth* v. *Ballou,* 350 Mass. 751 (1966), cert. denied, 385 U.S. 1031 (1967). In a similar fashion no evidentiary hearing took place in the District Court in February, 1974, when the defendant's case was called again for trial, and the defendant thus was not put in prior jeopardy then.

The defendant's assertion that he was denied his right to a speedy trial raises other issues. On November 28, 1973, the defendant appeared in the District Court ready for trial but the judge instead continued the case over the defendant's objections to February 6, 1974, despite G. L. c. 276, § 35, which prohibits the granting of delays in excess of "ten days at any one time against the objection of the defendant." The defendant's motion to dismiss, when his case was reached for trial again on February 19, 1974, was based on two grounds, double jeopardy and denial of a speedy trial. The judge, in allowing the motion, did not specify the grounds on which he was basing his decision. As we have indicated above, nothing occurred in the District Court proceedings which would have warranted or supported a decision that the complaints in that court had to be dismissed on double jeopardy grounds. However, given the violation of the statutory prohibition of G. L. c. 276, § 35, a decision to dismiss on speedy trial grounds could have been warranted in the circumstances of

this case.[1] Cf. *Commonwealth* v. *Thomas,* 353 Mass. 429, 431-432 (1967); *Commonwealth* v. *Xiarhos,* 2 Mass. App. Ct. 225, 228-229 (1974). The District Court had jurisdiction to try the cases and acquit and, when presented with the motion to dismiss the complaints, properly could consider and rule on them. Although the judge did not specify the grounds for dismissal, we conclude that the dismissal "with prejudice" implied the findings of fact necessary to support his action on speedy trial grounds and that such findings were permissible based on the evidence in these cases.

Having decided that the dismissal of the complaints in the District Court properly can be treated as a dismissal based on the denial of the right to a speedy trial, the question remains as to the effect of that dismissal. The American Bar Association in its "Standards Relating to the Administration of Criminal Justice" takes the position that the consequence of a dismissal on speedy trial grounds "should be absolute discharge. Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense." ABA Standards, Speedy Trial § 4.1 (1974). With this view we find ourselves substantially in accord.

---

[1] A continuance in violation of G. L. c. 276, § 35, does not automatically provide the defendant with the right to have the case against him dismissed. However, such a statutory violation does enter into the consideration whether the defendant's right to a speedy trial has been infringed. The Supreme Court in *Barker* v. *Wingo,* 407 U.S. 514, 530 (1972), identified four factors which courts should assess in determining whether a particular defendant has been deprived of his right to a speedy trial. They are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." The Court characterized length of delay as a triggering mechanism, for "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530. General Laws c. 276, § 35, may be taken as expressing a legislative judgment that continuances in excess of the statutory period of ten days do presumptively prejudice the defendant, satisfy the length of delay criterion and trigger an examination of the other speedy trial factors. In addition, since the statutory prohibition is operative only when the defendant objects to the continuance, the defendant may be deemed to have asserted his right to a speedy trial in a situation where the statute is violated.

As the Supreme Court pointed out in *United States* v. *Marion,* 404 U.S. 307, 320 (1971): "Inordinate delay between arrest, indictment, and trial may impair a defendant's ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense.... Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." While the dismissal of a complaint without a trial on the merits is ordinarily not a bar to a trial for the same offense charged in the complaint dismissed (*Commonwealth* v. *Micheli,* 258 Mass. 89, 91 [1927]; see *Commonwealth* v. *Ballou,* 350 Mass. 751, 752 [1966]), we are of opinion that the interests articulated above, protected by the guaranty of a speedy trial, are best served by a rule which treats a dismissal based on the denial of that right as an absolute discharge with prejudice against the Commonwealth. We hold, therefore, that the dismissal of a complaint in the District Court on the ground that the defendant has been denied his right to a speedy trial is a bar to any subsequent prosecution for the same offense whether by later complaint in the District Court or by an indictment in the Superior Court.

In light of the foregoing there is no necessity to discuss further the proceedings in the Superior Court except to note that the defendant's motion to dismiss based on the denial of his right to a speedy trial in the District Court should have been allowed. His exception to the action of the Superior Court judge was well taken.

*Exceptions sustained.*