COMMONWEALTH *vs.* PAUL J. BALLIRO.

Middlesex.   December 9, 1981. — March 24, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Dismissal.   *Constitutional Law,* Double jeopardy,
     Speedy trial.

A District Court judge, acting on the ground that a criminal defendant
     had not been afforded a speedy trial, did not abuse his discretion in
     denying applications for criminal complaints charging the defendant
     with three motor vehicle offenses where, through the conceded inat-
     tention of the prosecutor, related charges arising out of the same oc-
     currence had been withdrawn on the day of trial for reasons which the
     prosecutor had known for a substantial time; the judge's action barred
     the trial in the Superior Court of subsequent indictments charging
     these offenses.   [622-624]

INDICTMENTS found and returned in the Superior Court
Department on November 24, 1980.

The cases were heard by *Connolly,* J., on motions to dis-
miss.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Robert L. Rossi,* Assistant District Attorney, for the Com-
monwealth.

*Mark G. Miliotis* for the defendant.

WILKINS, J.   The Commonwealth appeals from the allow-
ance by a Superior Court judge of a motion to dismiss in-
dictments charging the defendant with motor vehicle homi-
cide; driving under the influence of narcotics, depressants,
or stimulant drugs; and driving so as to endanger. The judge
allowed the motion on the ground that, because a District
Court judge had earlier dismissed substantially the same
charges, prosecution of the indictments was barred. We af-
firm the allowance of the motion to dismiss the indictments.

The procedural background starts on July 22, 1980, with the issuance of process on two complaints from the Malden District Court charging the defendant with (1) violation of G. L. c. 90, § 24G, which includes the crime of homicide by motor vehicle, and (2) operating a motor vehicle under the influence of intoxicating liquor. Sometime in late July or early August but, in any event, prior to a pretrial conference on August 6, the district attorney's office became aware of the results of blood tests that showed no alcohol was present in the defendant's blood at the relevant time. The blood tests showed instead that the defendant's blood contained "0.19mg% glutethimide (Doriden) or metabolite," a "hypnotic" drug. It is not shown on the record whether the assistant district attorney disclosed the results of the laboratory tests at the August 6 pretrial conference. The case was scheduled for trial on September 25. The Commonwealth concedes in its brief that, "[a]pparently due to the negligence of the assistant district attorney," the Commonwealth took no action to correct the complaints until the date of trial.

On September 25, the Commonwealth moved to amend the complaints by replacing the reference to "intoxicating liquor" in each complaint with a reference to "narcotics, or depressants."[1] A judge of the Malden District Court denied the motions to amend the complaints. The Commonwealth now largely concedes that the motions to amend were properly denied because the amendments appear to be "of substance and not form." The judge then denied the Commonwealth's motion to dismiss the complaints. The assistant district attorney thereupon entered a nolle prosequi of the charges for the reason that there was a material variance be-

[1] The homicide-by-vehicle complaint had alleged conjunctively (i.e., with the word "and") that the defendant had operated "a motor vehicle while under the influence of intoxicating liquor *and* recklessly or negligently so that the lives or safety of the public might be endangered and by such operation did cause the death of . . ." (emphasis added). To conform to the disjunctive expression in G. L. c. 90, § 24G, the Commonwealth also moved on September 25 to substitute the word "or" for the word "and."

tween the allegations of the complaints and the proof the Commonwealth could have presented.

On that same day, September 25, at the request of the district attorney, the arresting officer filed an application for a new series of complaints charging (a) motor vehicle homicide (G. L. c. 90, § 24G); (b) operating a motor vehicle so as to endanger (G. L. c. 90, § 24 [2] [*a*]); and (c) operating under the influence of narcotic drugs, depressants, or stimulant substances (G. L. c. 90, § 24 [1] [*a*]). Also on that day, notice was sent to the defendant of a hearing on the application. The defendant moved to dismiss the application, citing various grounds including the right to a speedy trial. In October, a District Court judge, without opinion, allowed the motion to dismiss the application for complaints.[2]

The prosecution persisted, and in November, 1980, a Middlesex County grand jury returned indictments charging the same crimes as those for which complaints had been sought on September 25 and denied in October. On March 9, 1981, the defendant moved in the Superior Court to dismiss these indictments. A Superior Court judge allowed the motion to dismiss the indictments, concluding that the District Court judge had denied the application for complaints filed on September 25 on the ground of the denial of a speedy trial and that "the consequences are an absolute discharge which forever bars prosecution for the offense charged, *Commonwealth* v. *Ludwig*, 370 Mass. 31, 34 (1976), as well as related offenses. Mass. Rules Crim. P. 36 (e)."[3]

---

[2] In what we have set forth in this paragraph we are faithful to the record. "Applications for Complaints are presented only by police officers who have made an arrest without a warrant." The Complaint Procedure, Committee on Standards, District Courts of Massachusetts §§ 2:00, 3:00, Commentaries (1975). It may be that the defendant was not under arrest, and, thus, the circumstances of this case involved an application for the issuance of process. In such a situation, the magistrate has discretion in deciding whether probable cause exists warranting the commencement of a criminal proceeding. *Id.* See G. L. c. 276, § 22.

[3] Massachusetts R. Crim. P. 36 (e), 378 Mass. 909 (1979), provides that "[a] dismissal of any charge ordered pursuant to any provision of this rule

The Superior Court judge concluded that on September 25, after the denial of the Commonwealth's motion to dismiss the complaints, the Commonwealth could still have proceeded on the charges of operating recklessly and operating negligently so that the lives or safety of the public might be endangered, and thereby causing the death of the victim. He concluded, on this assumption, that the nolle prosequi denied the defendant the protection of G. L. c. 276, § 35, which in general forbids a continuance for trial for a period exceeding ten days, over a defendant's objection. He noted that the Commonwealth was solely responsible for the failure to proceed to trial. He noted further that, although the Commonwealth had known for weeks that no charge based on the operation of a motor vehicle while under the influence of alcohol could be proved, it did nothing about it until the date assigned for trial. He regarded the violation of G. L. c. 276, § 35, as "presumptively prejudicial" and the defendant's objection to the delay of the trial as adequate to invoke his right to a speedy trial. See *Commonwealth* v. *Ludwig*, 370 Mass. 31, 34 n.1 (1976). The judge concluded that the anxiety and concern inflicted on the defendant by the delay were sufficient to warrant the District Court judge, in his discretion, to dismiss the application for complaints because there had been actual prejudice. He ordered that the defendant's motion to dismiss the indictments be allowed, and the Commonwealth has appealed.[4]

shall apply to all related offenses." The Superior Court judge's conclusion assumes that the District Court judge dismissed at least one charge pursuant to rule 36, a point we need not decide.

[4] We assume in the Commonwealth's favor that, pursuant to Mass. R. Crim. P. 15 (b) (1), 378 Mass. 882 (1979), it may appeal from the dismissal of the indictments. The defendant argues that the Commonwealth appeals too late because it should have appealed from the District Court judge's dismissal of the complaints (or, stated more accurately, from the allowance of the motion to dismiss the application for complaints filed on September 25). Massachusetts R. Crim. P. 15 (a) (1) allows the Commonwealth to appeal from a decision of a District Court judge granting a motion to dismiss a complaint pursuant to rule 13 (c). Rule 15 (a) says nothing about the Commonwealth's right to appeal from a decision to dismiss .

The Commonwealth does not explicitly challenge the Superior Court judge's conclusion that trial properly could have gone forward on September 25 on those portions of the one complaint that may not have required proof that the defendant was under the influence of alcohol. The complaint, which is quoted in part in note 1 above, might arguably be read as charging only a crime or crimes which involved the use of a motor vehicle while under the influence of intoxicating liquor. If so, the Commonwealth could not have proved any charge then pending against the defendant, and it had no case at all on which it could have gone forward. We need not decide whether the Superior Court judge was correct in concluding that a portion of the charges could properly have gone to trial on September 25.[5]

We review the propriety of the dismissal of the indictments on the same record as that which was before the Superior Court judge. Although we give deference to his conclusions, they are entitled to no special weight in the appellate process. It is significant here that the issue is not, as the Commonwealth urges, whether the defendant was entitled as a matter of right to allowance of his motion to dismiss the application for complaints filed on September 25. The question before us, as it was before the Superior Court judge, is whether the District Court judge exceeded his authority in deciding to dismiss the application for complaints.

---

an application for complaints and it says nothing expressly to limit the Commonwealth from appealing from the dismissal of an indictment because a complaint charging the same offense had been dismissed.

[5] One might speculate that, if the case had gone to trial on this complaint, the defendant, contrary to his position before this court, would have argued that a fair reading of the complaint required the conclusion that every crime charged depended on proof that he was operating a motor vehicle under the influence of intoxicating liquor.

If the Commonwealth could properly have obtained a guilty finding under the complaint without proof that the defendant was operating under the influence of intoxicating liquor, the Superior Court judge's conclusion was clearly correct that there was no justification for the prosecution's dismissal of the charges and the seeking of new complaints which, in large part, charged the same crimes.

Rule 36 (c) of the Mass. R. Crim. P., 378 Mass. 909 (1979), requires dismissal of charges "where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant." Certainly, as the Commonwealth concedes, the prosecution was unreasonably lacking in diligence in bringing the defendant to trial. We may infer that the District Court judge relied on the assumed anxiety and concern of the defendant resulting from the delay. There was no other demonstration of prejudice to the defendant. We need not decide under what, if any, circumstances, where there has been a lack of prosecutorial diligence, assumed anxiety and concern alone would constitute prejudice to a defendant mandating dismissal, under rule 36 (c), of charges against him. Rule 36 (c) concerns the mandatory dismissal of charges. We do not read rule 36 (c) as denying a judge the inherent right in his discretion to determine that an application for complaints should be dismissed in circumstances such as are presented in this case.

It was within the discretion of the District Court judge to allow a motion to dismiss the application for complaints where, through the conceded negligent inattention of the prosecutor, the defendant had previously been brought to the day of trial on the same or related charges and the prosecutor had withdrawn the charges for reasons he had known for weeks were likely to require that trial not take place on that day. While we do not say that we would have allowed the motion to dismiss the application for complaints filed on September 25, we do say that it was not an abuse of the District Court judge's discretion to act as he did, once he concluded that the defendant had been denied a speedy trial. "We conclude that, on the basis of the record before us, the action of the judge, though not required was permitted and we therefore affirm the judgment[s] of dismissal." *Commonwealth* v. *Rodriguez*, 380 Mass. 643, 643-644 (1980).

When a complaint for an offense has been dismissed on speedy trial grounds, a subsequent prosecution for the same and any related offense is barred. *Commonwealth* v. *Ludwig*, 370 Mass. 31, 34 (1976).

The Superior Court judge was, therefore, correct in dismissing the indictments.

*Judgments affirmed.*