COMMONWEALTH *vs.* WALTER BAILEY. April 6, 1982. The appeal is from a jury conviction of larceny of more than one hundred dollars. G. L. c. 266, § 30(1). 1. The judge in the Superior Court was not required to dismiss the indictment by reason of the fact that a judge of a Municipal Court had earlier dismissed a complaint for the identical offence without having first conducted a probable cause hearing. That dismissal had been entered by the judge rather than the prosecutor (see Mass.R.Crim.P. 16, 378 Mass. 885 [1979]) in circumstances which did not give rise to a claim of double jeopardy (see *Commonwealth v. Ballou*, 350 Mass. 751, 752 [1966], cert. denied, 385 U.S. 1031 [1967]; *Commonwealth v. Crosby*, 6 Mass. App. Ct. 679, 681 [1978]) or a claim of prosecutorial misconduct (contrast *Commonwealth v. Thomas*, 353 Mass. 429, 430, 432 [1967]; *Commonwealth v. Balliro*, 385 Mass. 618, 619-620, 623 [1982]) and in the absence of any objection based on the right to speedy trial (contrast *Commonwealth v. Ludwig*, 370 Mass. 31, 32-35 [1976]; *Commonwealth v. Balliro*, 385 Mass. at 620, 623-624; *Commonwealth v. Silva*, 10 Mass. App. Ct. 784, 785-786, 788-790 [1980]). There is nothing to suggest that the defendant was prejudiced by the two-month delay in securing the subsequent indictment. See Mass.R.Crim.P. 36(b)(2)(D) and (c), 378 Mass. 911, 912 (1979). Compare *Commonwealth v. Conant*, 12 Mass. App. Ct. 287, 289-291 (1981). Contrast *Commonwealth v. Balliro*, 385 Mass. at 623. The earlier contention that the defendant was constitutionally entitled to a probable cause hearing in the Municipal Court (see *Lataille v. District Court of E. Hampden*, 366 Mass. 525, 530-533 [1974]) has now been abandoned. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). There will be time enough to consider whether an indictment can be dismissed for ineffective assistance of counsel when a defendant cites a

case which supports that proposition. 2. The exclusion of the March 12, 1980, letter from the victim's counsel to the defendant requires a new trial for at least the reasons set out in *Commonwealth* v. *Marcellino*, 271 Mass. 325, 326-327 (1930). See also *Commonwealth* v. *Graziano*, 368 Mass. 325, 329-330 (1975); *Commonwealth* v. *Joyce*, 382 Mass. 222, 228-229 (1981). 3. The third question which has been argued is not likely to recur at a retrial if the prosecutor wishes to avoid the risk of a third trial.

*Judgment reversed.*

*Verdict set aside.*

*John Salsberg* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.