COMMONWEALTH vs. GARY B. POMERLEAU.

Worcester. January 18, 1982. — May 14, 1982.

Present: ARMSTRONG, CUTTER, & DREBEN, JJ.

*Practice, Criminal,* Dismissal, Continuance, Speedy trial. *Words,* "Without prejudice."

A District Court judge did not exceed his discretion in dismissing without prejudice three criminal complaints, purportedly on speedy trial grounds, and, consequently, the dismissal did not preclude subsequent indictments of the defendant for the same offenses where the necessary findings that the defendant was deprived of a speedy trial could not be inferred, no violation of the defendant's constitutional or statutory guaranties or of any rule of court was involved, and the dismissals were ordered on the express understanding of the judge and all counsel that such subsequent indictments were not precluded. [532-537]

INDICTMENTS found and returned in the Superior Court Department on June 9, 1981.

Motions to dismiss were heard by *Donohue, J.,* and the cases were tried before him.

*Francis R. Fecteau* for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The question before us on this appeal is whether, in the circumstances of this case, dismissals of three complaints *without prejudice* by a District Court judge, purportedly on speedy trial grounds, preclude subsequent indictments of the defendant for the same offenses. The dismissals were not on constitutional speedy trial grounds, involved no violation of statute or rule of court, and were ordered on the express understanding of the judge and all counsel that the Commonwealth would not be prevented from seeking indictments against the defendant for the same offenses. We hold that the Superior Court judge

was not required to dismiss the subsequent indictments, and we affirm the defendant's convictions.

The defendant was charged with receiving stolen goods (G. L. c. 266, § 60) in January and February of 1980. Two complaints were issued by the Clinton District Court on December 26, 1980, and one was issued on January 13, 1981. On the same day, January 13, 1981, the defendant pleaded not guilty. The cases were set for conference on February 27, 1981, and there were continuances to April 7, May 15, and May 26, 1981. The record is silent as to who sought the continuances, but the defendant makes no claim that the continuances were made over his objection or that there was any violation of G. L. c. 276, § 35 (continuance over the objection of the defendant not to exceed ten days). A transcript of the tape of the May 26 hearing in the District Court discloses that when the defendant's cases were called, together with those of two codefendants,[1] the assistant district attorney sought a continuance to keep the cases against the three codefendants together, as counsel for one of the codefendants was not present in court.[2]

Counsel for the codefendant Loureiro, when asked by the judge to respond to the Commonwealth's request for a continuance, moved to dismiss "for lack of a speedy trial" as well as for failure of the Commonwealth to comply with a

---

[1] David Martin and Michael Loureiro. Martin was the chief witness against the defendant in the Superior Court trial.

[2] When asked by the judge where Martin's counsel was, the following dialogue ensued:

ASSISTANT DISTRICT ATTORNEY: "I think he was appointed and he was under the impression it was going to the Grand Jury, as we all were, and I guess he was never notified."

THE COURT: "Is it or isn't it?"

ASSISTANT DISTRICT ATTORNEY: "It will be now. We would have gone to trial today if we had to; that was what it amounted to, but now that there. . . ."

THE COURT: "You don't have to. You can still seek an indictment no matter what happens here."

ASSISTANT DISTRICT ATTORNEY: "Oh I understand that, but now, now that we're not forced to go to trial today anyway, I'm just asking that we continue them all for the same day."

discovery order. In turn, counsel for the defendant stated: "Your Honor, this, these cases have been around since we had a pretrial conference on February 24, and we heard that it's going to go to the Grand Jury, it going to go to the Grand Jury it never has. I'd move to dismiss for lack of speedy trial. *If they want to indict him and go to the Grand Jury, go ahead and do that*" (emphasis supplied).

After a short dialogue with the assistant district attorney, the judge showed annoyance that she did not appear ready for trial because neither the defendant nor Loureiro was present in court.[3] The judge asked about discovery matters and then ordered, "These are dismissed without prejudice to your rights to indictment." The codefendant's counsel said, "Thank you," and the defendant's counsel made no objection to the dismissals without prejudice.[4]

On June 9, 1981, within two weeks after the dismissal of the complaints, the defendant was indicted for the same offenses. He moved to dismiss in the Superior Court, urging that, despite the dismissal "without prejudice," subsequent prosecution was barred. The judge denied the motion, and the defendant was tried and convicted by a jury on August 4, 1981.

The issue before us is whether the District Court judge exceeded his authority in dismissing the complaints *without prejudice* where the dismissal purported to be on speedy trial grounds. Our discussion requires analysis of four recent cases: *Commonwealth* v. *Ludwig*, 370 Mass. 31 (1976), *Commonwealth* v. *Fields*, 371 Mass. 274 (1976), *Commonwealth* v. *Balliro*, 385 Mass. 618 (1982), and *Commonwealth* v. *Silva*, 10 Mass. App. Ct. 784 (1980).

In *Commonwealth* v. *Ludwig*, a continuance from November, 1973, to the following February was granted over

---

[3] The assistant district attorney claimed she was ready for trial, that the witnesses were present, and that the defendants were in the house of correction.

[4] The judge then said, "This makes about the fourth time I've heard this, Mrs. D.A." It appears that this comment related to excuses concerning discovery.

the defendant's objection in violation of G. L. c. 276, § 35. In February, the defendant moved that the complaints be dismissed with prejudice on two grounds: double jeopardy and denial of a speedy trial. The motion was allowed by a District Court judge. After concluding that there was no double jeopardy, the Supreme Judicial Court held that "given the violation of the statutory prohibition[,] . . . a decision to dismiss on speedy trial grounds could have been warranted in the circumstances of this case." 370 Mass. at 33-34. The court concluded that the judge's dismissal of the complaints *with prejudice* "implied the findings of fact necessary to support his action on speedy trial grounds and that such findings were permissible based on the evidence. *Id.* In *Ludwig*, the reference was to constitutional speedy trial grounds. *Id.* at 34 & n.1.

Constitutional speedy trial grounds were also involved in *Commonwealth* v. *Silva*, 10 Mass. App. Ct. 784, 788-789 (1980), another case where continuances had been permitted in violation of G. L. c. 276, § 35. This court, "[o]n the findings made in the Superior Court, accompanied by the record before that court," concluded "that the District Court's dismissal of the complaint, despite the lack of specification, implied the findings of fact necessary to support dismissal on constitutional speedy trial grounds." *Silva*, at 789. This was so even though the dismissal did not contain the words "with prejudice." See *id.* at 790 n.9.

The dismissals in *Ludwig* and *Silva* were required to be with prejudice. Where the determination has been on constitutional speedy trial grounds, dismissal with prejudice is "the only possible remedy." *Barker* v. *Wingo*, 407 U.S. 514, 522 (1972). *Strunk* v. *United States*, 412 U.S. 434, 440 (1973).

In *Commonwealth* v. *Fields*, 371 Mass. 274 (1976), a statutory and not a constitutional violation was involved. A District Court judge had dismissed two complaints pursuant to G. L. c. 277, § 72A (repealed 1979), which required trial or other disposition of charges against a prisoner serving a term of imprisonment within six months of his application

to court for trial. No action had been taken on the complaints during the more than eight months that had elapsed after Fields' application under the statute. The Supreme Judicial Court determined that the judge's "action implied the findings of fact necessary to establish a violation of the statute." *Fields*, at 282. Citing *Ludwig* and ABA Standards, Speedy Trial § 4.1 (1974), the court concluded that precluding subsequent prosecution was "appropriate" where G. L. c. 277, § 72A, had been violated. *Fields*, at 282.

In *Commonwealth* v. *Balliro*, 385 Mass. 618 (1982), the most recent case involving speedy trial questions, there was neither a constitutional nor a statutory violation; nor was a mandatory dismissal required under Rule 36(c) of the Mass. R. Crim. P., 378 Mass. 912 (1979), set forth in the margin.[5] It was conceded, however, that the Commonwealth through negligent inattention had caused delay in trying the defendant. Although the Commonwealth had known for several weeks that no charge based on the operation of a motor vehicle while under the influence of alcohol could be proved, it waited until the day of trial to correct the error. It first sought to amend the complaints, and, when that attempt failed,[6] it entered a nolle prosequi of the charges.[7] The arresting officer then filed an application for new complaints, and the defendant moved to dismiss the application, citing various grounds, including the right to a speedy

---

[5] Rule 36(c) reads as follows: "(c) DISMISSAL FOR PREJUDICIAL DELAY. Notwithstanding the fact that a defendant is not entitled to a dismissal under subdivision (b) of this rule, a defendant shall upon motion be entitled to a dismissal where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."

[6] The Commonwealth on appeal conceded that the motions to amend were properly denied because they related to substance, not form. *Balliro*, at 619.

[7] For the reason that there was a material variance between the complaints and the proof the Commonwealth could have presented. *Balliro*, at 619-620.

trial. A District Court judge, without opinion, allowed the defendant's motion.

The Supreme Judicial Court pointed out that the Commonwealth was concededly "unreasonably lacking in diligence in bringing the defendant to trial," see rule 36(c)(1), *supra,* and that the appellate court could infer "that the District Court judge relied on the assumed anxiety and concern of the defendant resulting from the delay." *Balliro,* at 623.[8] In these circumstances, rule 36(c), which is concerned with mandatory dismissal of charges, does not deny "a judge the inherent right in his discretion to determine that an application for complaints should be dismissed." *Id.* The court continued, "While we do not say that we would have allowed the motion to dismiss . . . we do say that it was not an abuse of the District Court judge's discretion to act as he did, *once he concluded that the defendant had been denied a speedy trial*" (emphasis supplied). *Id.* The application having been dismissed on that ground, the Superior Court judge was correct in dismissing the subsequent indictments.

In summary, in each of the cases discussed, the Supreme Judicial Court or this court was able to conclude that the judge had impliedly found the facts necessary to establish a constitutional (*Ludwig* and *Silva*) or a statutory (*Fields*) speedy trial violation or facts which permitted a determination (*Balliro*) that the defendant has been denied a speedy trial within the double pronged guidelines of rule 36(c).

Here, neither the record nor the action of the District Court judge permits the inferring of any such findings. There was clearly no constitutional or statutory violation. Despite the judge's annoyance at the prosecutor, and despite defense counsel's use of the term "speedy trial" in his motion, there is no evidence or indication in the record that the prosecution was lacking in diligence, let alone unreason-

---

[8] These are major evils protected against by the constitutional speedy trial guaranty. See *United States* v. *Marion,* 404 U.S. 307, 320 (1971); *United States* v. *MacDonald,* 456 U.S. 1, 8-9 (1982); *Commonwealth* v. *Ludwig,* 370 Mass. at 35.

ably lacking in diligence, in bringing the defendant to trial. We do not know who sought, or the reasons for, the previous continuances. Although the defendant was not in court on May 26, 1981, the assistant district attorney said she had her witnesses in court, and there is nothing to suggest that there would have been any difficulty in bringing the defendant promptly into court from the house of correction. Had there been any hint that the complaints would be dismissed with prejudice, it can be inferred from the transcript that she would immediately have gone to trial. There is likewise no evidence or suggestion in the record that the judge found that the defendant was prejudiced by any lack of diligence on the part of the assistant district attorney. To the contrary, the judge's action in dismissing *without prejudice* indicates that he did not find that the delay had been unfair to the defendant by impairing his ability to mount a defense or otherwise. In view of the statement of the defendant's then counsel, "If they want to indict him and go to the Grand Jury, go ahead and do that," and in view of the lack of objection by the defendant to the form of dismissal, a finding of prejudice cannot be implied.

Accordingly, where, as here, the necessary findings that the defendant was deprived of a speedy trial cannot be inferred, we conclude that the dismissal was not for true "speedy trial grounds" as in the cases cited, and that the judge did not exceed his discretion in dismissing the complaints without prejudice. He had not determined, within the meaning of 2 ABA Standards for Criminal Justice, Standard 12-4.1 (2d ed. 1980), that the defendant had not been "brought to trial before the running of the time for trial," so as to bar a subsequent prosecution.[9]

---

[9] We note that in the Federal courts dismissals without prejudice are permitted where they are not on constitutional speedy trial grounds. See *Mann* v. *United States*, 304 F.2d 394, 397-398 (D.C. Cir.), cert. denied, 371 U.S. 896 (1962). This is so both under Fed.R.Crim.P. 48(b), see 8B Moore's Federal Practice par. 48.05 (2d ed. 1981), and the Federal Speedy Trial Act, 18 U.S.C. § 3162(a)(2) (Supp. 1982). See Frase, The Speedy Trial Act of 1974, 43 U. Chi. L. Rev. 667, 704-708 (1976). State

Because of the confusion engendered by the use of the phrase "speedy trial grounds," we suggest that the term be limited to those cases where a judge determines that the defendant was denied a speedy trial under Rule 36(b) of Mass.R.Crim.P., 378 Mass. 909 (1979), or under the two pronged standard of rule 36(c), or where the judge finds some other constitutional or statutory ground which permits or requires him to dismiss with prejudice. Where a judge finds the prosecutor's delinquency less grievous, and not every dilatory action of a prosecutor requires imposition of the most severe sanction; the Commonwealth can avoid difficulty by requesting that the judge indicate that he is not making a determination that the defendant's rights to a speedy trial have been violated. When such rights have not been violated, the judge, acting under his inherent power to take corrective measures, may impose such sanction as he deems appropriate, including dismissal of a complaint without prejudice to the procuring of a subsequent indictment. See *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 661 (1979).

*Judgments affirmed.*

statutory provisions differ as to when a dismissal on speedy trial grounds bars subsequent prosecution. See generally Annot., 50 A.L.R.2d 943 (1956), Later Case Service (1978 & Supp. 1981).