# COMMONWEALTH
## vs.
## Joseph P. ZANNINO

### Nos. 040522-23

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

### December 28, 1982

**Leonard Henson, Asst. D.A.,** counsel for the plaintiff.
**Joseph Balliro,** counsel for the defendant.

### DEFENDANT'S MOTION TO DISMISS

**DISMISS**

Defendant seeks dismissal of this indictment (#040522) (waiving a similar motion regarding No. 040523) on grounds of double jeopardy.

The motion was heard on December 28, 1982 on stipulations (indicated by the paragraphs labeled with capital letters in the Findings of Fact below) and oral agreement by the District Attorney to factual statements in defendant's counsel affidavit in support of the motion (indicated by the paragraphs labeled with Arabic numerals in the Findings of Fact below).

The motion was argued, and defendant submitted a Memorandum of Law in Support.

### FINDINGS OF FACT

A. On June 8, 1982 the incident occurred out of which this indictment developed.

B. On June 9, 1982 defendant was arraigned.

1. On July 19, 1982, the defendant appeared in the Boston Municipal Court before Judge Umana ready for trial.

2. The Commonwealth moved for probable cause on all matters before the court and opposed defendant's motion for trial.

3. The court granted defendant's motion for trial on all

charges, excluding the charge of mayhem.

4. The Commonwealth failed to move for trial at which time the court granted the defendant's motion to dismiss all charges, excluding mayhem, with prejudice.

C. Also on July 19, 1982 the Commonwealth presented the case to the Grand Jury, and thereafter the instant indictment was returned.

## DISCUSSION

I think that the judges run their courts. They have the power to put cases on whenever they want to. General Laws, c. 278, sec. 1, Smith 30 MPS, sec. 849. The countervailing factor is the ability of the District Attorney to **nol pros** cases. Mass. R. Crim. P. 16, unless violation of G.L. c. 276, sec. 35, **Commonwealth v. Balliro,** 385 Mass. 618, 1621.

While the Commonwealth argued that the dismissal was based on speedy trial factors, such was not included in the agreed facts. It seems to me as likely that the dismissal was because of the Commonwealth's refusal to proceed with evidence when the case was called for trial. The district court papers were not presented to me.

Counsel are entitled to reasonable notice of trial. The District Court judge is required to advise at the outset of a hearing whether it is on probable cause, or on the merits. Smith 30, MPS, sec. 686. General Laws, c. 218, sec. 30; **Burhoe v. Byrne** (D.C. Mass.) 289 F. Supp. 408.

I infer, from the Commonwealth presence, that they had notice of the hearing and should have been prepared for either eventuality. Moreover there is no evidence the Commonwealth sought a continuance. Surely, to effectuate the policy of G.L. c. 278, sec. 1, a judge, when counsel refuse to go forward with a trial, can dismiss the case with prejudice.

"A dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order has been entered after trial." **Boyd v. Jamaica Plain Coop. Bank,** 7 Mass. App. Ct. 153, 157, note 8. Cf. **Commonwealth v. Silva,** Mass. App. Ct. Adv. Sh. (1980) 2103; 2109, n. 9; **Commonwealth v. Ludwig,** 370 Mass. 31 (1976) (dismissal "with prejudice" by district court of criminal complaint against a defendant on ground that he had been denied his right to speedy trial barred any subsequent prosecution of defendant for same offense by indictment in Superior Court); **Commonwealth v. Ballou,** 350 Mass. 751 (1966) (dismissal of complaint in District Court upon Motion to Suppress did not bar subsequent prosecution of defendant for same offense by indictment in Superior Court).

I don't think that I am an appellate court to pass judgment whether the District Court properly dismissed the case even though there is language suggestive of such a role in **Commonwealth v. Balliro, supra,** at 622.

If I am wrong, six weeks from arrest strikes me as an extraordinarily short time for any judge to dismiss for denial of a speedy trial. Of course I have no evidence as to the other factors such as intentional delay to the prejudice of defendants case.

Nevertheless, I am satisfied that the double-jeopardy constitutional protection is designed so that once a judge having jurisdiction of the case announces that it is dismissed with prejudice, that's the end of that case however inane that decision may have been.

Again, if I am wrong, the same result can be reached on the assumption the District Court purported to act on speedy trial grounds. In **Commonwealth v. Silva, supra,** at 2108, the Court wrote: "Once it is determined that the dismissal of the complaint in the District Court properly can be treated as a dismissal based on the denial of the right to a speedy trial, its consequence 'should be absolute discharge . . . (which) forever bar(s) prosecution for the offense charged and for any other offense required to be joined with that offense.' **Commonwealth v. Ludwig, supra** at 34, quoting from and adopting ABA Standards, Speedy Trial sec. 4.1 (1974)."

Here, as there, the dismissal can be treated as on speedy trial grounds. In addition, here the District Court judge added "with prejudice".

A District Court judge has broad latitude in making such decision, **Commonwealth v. Balliro,** 385 Mass. 618, 623, where the Court wrote at 624, "When a complaint for an offense has been dismissed on speedy trial grounds, a subsequent prosecution for the same and any related offense is barred."

On any analysis, it appears the result is the same.

### ORDER

The motion is allowed.

**Robert J. Hallisey**
**Justice of the Superior Court**