COMMONWEALTH *vs.* ANTHONY PLANTIER.

Berkshire.   February 14, 1986. — June 5, 1986.

Present: GREANEY, C.J., DREBEN, & FINE, JJ.

*Practice, Criminal,* Dismissal, Speedy trial. *Constitutional Law,* Double jeopardy.

A District Court judge, acting on the ground that a criminal defendant had not been afforded a speedy trial, did not abuse his discretion in dismissing, in June, 1985, a complaint charging the defendant with larceny in light of circumstances indicating that almost a year had passed since the occurrence of the incident in question; that the defendant had been ready for trial on January 29, but that the Commonwealth had been granted a continuance to March 12 over the defendant's objection; that the Commonwealth, on March 12, changed the charge against the defendant and again sought a continuance which was granted; that another judge, although denying a prior motion by the defendant to dismiss, had explicitly ordered that trial "shall be" on April 24; that the trial was not held on April 24, although the defendant was ready; and that the defendant, through the introduction of certain uncontroverted affidavits, had made a showing of prejudice. [317-319]

COMPLAINT received and sworn to in the Pittsfield Division of the District Court Department on March 12, 1985.

A motion to dismiss was allowed by *Robert J. Donelan,* J.

*Robert J. Carnes,* Assistant District Attorney, for the Commonwealth.

*Paul W. Cormier,* for the defendant, submitted a brief.

DREBEN, J. This is an appeal by the Commonwealth from the allowance of the defendant's motion to dismiss brought under Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979), set out in the margin.[1]

---

[1] Rule 36(c) provides: "Notwithstanding the fact that a defendant is not entitled to a dismissal under subdivision (b) of this rule [which provides that a defendant shall be entitled to a dismissal if not brought to trial within

We take the procedural history of the case from the docket entries, the uncontroverted affidavits and the transcripts of April 17, April 24, and June 11, 1985. The defendant, a teacher, was charged with being an accessory before the fact (G. L. c. 274, § 2); the principals, his students, were charged with breaking and entering in the nighttime (G. L. c. 266, § 16) and larceny of (school) property over $100 (G. L. c. 266, § 30). The incident leading to the charge against the defendant occurred on June 24, 1984, and he was arraigned in a District Court on August 30, 1984. After numerous conferences, the defendant's case was set for trial on January 29, 1985. At that time, the defendant was prepared to go forward, but the Commonwealth was not because the assistant district attorney then assigned to the case was trying another matter. The judge also suggested that the matter was not ready for trial, as the principals had not yet been tried and were not ready for trial. The case was continued for trial on March 12, 1985.

On that date the defendant was again prepared for trial. The prosecutor requested a dismissal of the charge against the defendant, the charge was dismissed and, on the same date, March 12, 1985, a new complaint charging larceny of property over one hundred dollars issued and the defendant was arraigned on that charge. At a conference on March 28, 1985, trial was set for April 24, 1985 (the conference report indicated that the length of trial would be one day), and motions, including a motion for speedy trial, were to be heard on April 10, 1985.

A motion entitled "Motion for Determination of Speedy Trial Status" seeking, inter alia, dismissal, was filed by the defendant on April 10, 1985, but was not heard until April 17 (the defendant's affidavit stating the Commonwealth was unprepared to argue on the earlier date). After hearing, at which

the time limits of that section], a defendant shall upon motion be entitled to a dismissal where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."

time the defendant argued that the delays had all been due to the Commonwealth and that the defendant, a substitute public school teacher, was prejudiced, the judge (first motion judge) denied the motion to dismiss but endorsed the motion: "motion denied except case shall be tried on or before April 24, 1985, as parties have agreed or at such time as co-defendants are available for such trial."

On April 24, 1985, both the defendant and the Commonwealth were ready for trial. The judge (not the motion judge) stated that the case was continued to June 10 or June 11 because the docket was overcrowded and he could not hear the matter.

The defendant objected (much of the tape recording of the proceedings was inaudible), but to no avail. A conference was set for April 30, 1985, and a June 20 trial date was set. The defendant filed another motion to dismiss. This was heard on June 11 before another judge (second motion judge). At the hearing, the Commonwealth acknowledged that the June 20 assignment date was no longer in effect and that the date for trial was uncertain.[2]

The second motion judge was presented with uncontroverted affidavits and counsel's representations as to the following: that counsel had objected to the continuance on January 29, 1985, requested by the Commonwealth; that the defendant was ready for trial on that day; that the defendant was again ready for trial on March 12 and objected to that continuance caused by the Commonwealth's change of charge; and that the defendant was ready again on April 24. The defendant's affidavits (the Commonwealth filed no counter affidavits) were from himself, his mother and from two vice-principals of Pittsfield High School. The latter indicated that because of the pending criminal action the defendant's teaching schedule had to be adjusted to avoid his coming into contact with the students involved in the case, and, as a result, his work load had to be reduced. He lost income and his social and professional re-

---

[2] The record appendix contains a letter from the assistant district attorney to the clerk of the court dated May 1, 1985, urging that an additional judge be scheduled to be available for trial on June 20, 1985.

lationships were curtailed. The affidavit of the defendant and his mother set forth how the numerous court hearings and the pendency of the matter throughout the academic year caused them anxiety and stress. The second motion judge noted that not a single day's delay was caused by the defendant. After hearing the defendant's claim of prejudice, he allowed the motion to dismiss.

Although the Commonwealth would put the issues in different perspective,[3] the question before us is whether the second motion judge exceeded his authority in dismissing the complaint. While he was not required to do so, we think it was within his discretion to determine that, in the circumstances, the defendant had been denied a speedy trial.

By the time the matter came before the second motion judge in June, 1985, the case as presented to him was in the following posture: almost a year had passed since the incident; the defendant had been ready for trial on January 29, but because the Commonwealth's prosecutor was elsewhere engaged the Commonwealth had been granted a continuance to March 12 over the defendant's objection;[4] on March 12, on the brink of trial, the Commonwealth changed the charge and sought a continuance;[5] the request was granted, and again the continuance exceeded ten days; the first motion judge, although denying the defendant's motion to dismiss, had explicitly ordered that

---

[3] The issues, according to the Commonwealth, are whether the first motion judge properly denied the motion and whether the second motion judge erred in allowing the motion which had previously been denied by the first motion judge "where the only additional event . . . was a continuance of the primary court trial date by a District Court judge for reasons not caused by or attributable to the Commonwealth."

[4] Why the continuance was so lengthy is not explained. Although not mentioned by the judge, it appears to have been a clear violation of G. L. c. 276, § 35, in that it exceeded ten days. See *Commonwealth* v. *Silva,* 10 Mass. App. Ct. 784, 789 (1980), holding that a violation of that statute "triggers" an examination of whether the defendant has been denied a speedy trial.

[5] We assume for the purpose of this decision that both charges "constituted a single prosecution arising out of a single incident." *Commonwealth* v. *Rodriguez,* 380 Mass. 643, 651 (1980). See *Commonwealth* v. *Gove,* 366 Mass. 351, 359 (1974).

trial "shall be" on April 24, see *Commonwealth* v. *Whittier,* 378 Mass. 19, 22 (1979) ("delays that would be excused or considered negligible in the ordinary case may amount to excessive delay when the defendant's right to a speedy trial is made specific by court order"); the trial was not held on April 24, although the defendant was ready; the defendant had made a showing of prejudice, see *Commonwealth* v. *Rodriguez,* 380 Mass. 643, 654 (1980) (the judge, although not required to do so, could rely on the facts alleged in the affidavits of the defendant); *Commonwealth* v. *Balliro,* 385 Mass. 618, 623 (1982) (assumed anxiety and concern); see also *Commonwealth* v. *Ludwig,* 370 Mass. 31, 35 (1976) (citing *United States* v. *Marion,* 404 U.S. 307, 320 [1971], to point out the kinds of harm, other than prejudice to an accused's defense, which are protected against by the speedy trial guarantee).

On this record, we think it was not an abuse of discretion for the judge "to act as he did, once he concluded that the defendant had been denied a speedy trial." *Commonwealth* v. *Balliro,* 385 Mass. at 623.[6] Although the decision to dismiss was not mandatory, and hence Mass.R.Crim.P. 36(c) may not be directly applicable, we think that rule, which has been held not to deny a judge the inherent right in his discretion to determine that an application for complaints should be dismissed, *Commonwealth* v. *Balliro, supra* at 623, also does not deny a judge the right to determine that complaints should be dismissed in circumstances such as those here presented. The fact that the judge (and defense counsel) may have mistakenly thought that the Commonwealth was free to indict the defendant[7] does not change our conclusion. Unlike the situation in

---

[6] Even if the posture of the case had been the same as it had been before the first motion judge, this would not have precluded the second motion judge from changing the order of the first judge, if the second judge believed it was erroneous. See *Commonwealth* v. *Moore,* 20 Mass. App. Ct. 1, 3 n.4 (1985), and cases cited.

[7] During the course of the hearing, the judge and the defendant's counsel had the following dialogue:

THE COURT: "If I dismiss it, I'm going to say what's to prevent the district attorney from going over to the grand jury and trying it tomorrow morning?"

MR. CORMIER: [Defense counsel]: "If they feel like taking that shot, they're entitled to it."

*Commonwealth* v. *Pomerleau,* 13 Mass. App. Ct. 530, 536 (1982), where we could not infer from the record the necessary findings that the defendant was deprived of a speedy trial, here it is apparent that the ground for the dismissal was the judge's perception that the defendant had been denied a speedy trial. As a consequence, "a subsequent prosecution for the same and any related offense is barred." *Commonwealth* v. *Balliro,* 385 Mass. at 624.

*Order of dismissal affirmed.*