COMMONWEALTH *vs.* JAMES D. SHERIDAN.

No. 95-P-181.

Worcester. January 23, 1996. - July 10, 1996.

Present: DREBEN, KAPLAN, & LAURENCE, JJ.

*Practice, Criminal,* Speedy trial, Dismissal. *Constitutional Law,* Speedy trial.

A District Court judge did not abuse his discretion in allowing a criminal defendant's motion to dismiss for prejudicial delay a second complaint for assault and battery issued after the first complaint was dismissed for the Commonwealth's failure to be ready on the agreed trial date, where the Commonwealth was on notice that two of the defendant's witnesses were planning to leave the State shortly after the original trial date, where the Commonwealth waited almost three months to seek the second complaint, and where the Commonwealth refused to pay for the defendant's alibi witness's trip back to Massachusetts to testify at trial. [702-705]

COMPLAINT received and sworn to in the Leominster Division of the District Court Department on December 31, 1992.

A motion to dismiss for prejudicial delay was heard in the Fitchburg Division by *Thomas F. Sullivan, Jr.,* J.

*Brian J. Cann,* Assistant District Attorney, for the Commonwealth.

*Michelle Begley* for the defendant.

DREBEN, J. The Commonwealth appeals from the allowance of the defendant's motion to dismiss for prejudicial delay a second complaint charging him with assault and battery.[1]

---

[1]According to the bill of particulars, the offense consisted of "an unconsented to, offensive touching of" the victim on October 28, 1992, in Leominster, occasioned by the defendant's grabbing of the victim's shirt with his hands. The police incident report states that the victim said that the assault occurred after he was overheard swearing in the school yard at about 2:30 P.M. (The Commonwealth's brief states that the victim was nine years old.)

The bases for the judge's dismissal were *Barker* v. *Wingo,* 407 U.S. 514 (1972), Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979),[2] and the fact that the complaint had issued without a hearing as required by G. L. c. 218, § 35A.[3] The defendant also argues that he is entitled to a dismissal under Mass. R.Crim.P. 36(b), 378 Mass. 909 (1979), which sets a one-year period as the standard for a speedy trial and lists certain periods which are excluded from the one-year calculation. We affirm on a different basis, namely that the judge did not abuse his discretion in dismissing the complaint.

The defendant was arraigned on January 26, 1993, on the first complaint, convicted of the charge on April 22, 1993, and appealed to the jury session. As set forth in the judge's memorandum:

> "The first trial date was set for June 15, 1993. On this date, defendant appeared ready for trial. Defendant's witnesses, all of whom were employed and required to miss work, were present. The court could not reach the matter on June 15, 1993, and the matter was continued to August 26, 1993 for trial. Defendant notified the court that two of his witnesses would be leaving the Commonwealth on or about September 1993. After hearing this information, [the judge] instructed the Commonwealth to be ready on the next trial date and ordered that there were to be no further continuances of the complaint. A trial date was set for August 26, 1993, a date agreed to by both sides.

> "On August 26, 1993 defendant appeared before [a

---

[2]Rule 36(c), entitled "Dismissal for Prejudicial Delay," states: "Notwithstanding the fact that a defendant is not entitled to a dismissal under subdivision (b) [standards for a speedy trial] of this rule, a defendant shall upon motion be entitled to a dismissal where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."

[3]The judge, sua sponte, adopted the last ground as an additional reason for dismissal. It was not a ground urged by the defendant and was not a tenable basis for dismissing the complaint. See *Commonwealth* v. *Lyons,* 397 Mass. 644, 648 (1986)(a violation of c. 218, § 35A, "carries no substantial risk of lasting prejudice to the defendant, because the complaint process can be commenced again and the defendant can be heard").

second judge] ready for trial. The Commonwealth informed the court that they had neglected to notify the complaining witness of the trial date and had not summonsed any witnesses. The Commonwealth requested a continuance. Defendant opposed the request notifying the court that his witnesses would be leaving the Commonwealth. [The second judge], after hearing the background on the case and learning of [the first judge's] order, dismissed the complaint. The docket entry reads, 'August 26, 1993 Dismissed w/o Prejudice.'

"From August 26, 1993 to November 18, 1993, the Commonwealth did not take any action in the court on this complaint.

"On November 18, 1993, the clerk at Leominster District Court, without any hearing pursuant to M.G.L. ch. 218, s. 35A, issued a second complaint . . . ."

Accompanying the defendant's motion was an affidavit of Diane Self, the supervising employer of the defendant on October 28, 1992, the date of the alleged incident. She averred under the pains and penalties of perjury that on October 28, 1992, the defendant was employed as a civilian at Fort Devens, that on that day she arrived at Building 2602 at 7 A.M., that the defendant arrived there at 7:30 A.M., that she worked closely with the defendant in the warehouse section of the building until 3:30 P.M., that at no time to her knowledge did he leave the building on that day, and that he was not out of her presence for any period of time in excess of thirty minutes.

In his memorandum, the judge explained that he had considered other alternatives to dismissal of the second complaint, that he had asked the Commonwealth to pay the cost of bringing Diane Self from Hawaii to Massachusetts for trial, that the Commonwealth would not agree, and had not suggested other alternatives that would have permitted the witness's testimony to be presented at trial in person or by videotape. The judge also noted "it is this court's experience that the prosecutor's office in this county will allow a case to be dismissed rather than pay costs incurred by a continuance." Finding that the Commonwealth had had ample time to have the case ready for trial on August 26, 1993, as its wit-

nesses were local, the judge concluded that the conduct of the prosecuting attorney was "clearly unreasonably lacking in diligence,"[4] and that the defendant had been prejudiced by being deprived of a material witness at trial.

As indicated earlier, the defendant also claims he was entitled to a dismissal under rule 36(b). We pause briefly to comment on that argument. In calculating the periods entitled to exclusion, he and the Commonwealth differ as to the meaning of the exclusion under Mass.R.Crim.P. 36(b)(vi) for "delay resulting from hearings on pretrial motions." The defendant takes the same position as was argued by the defendant in *Barry* v. *Commonwealth*, 390 Mass. 285, 294 (1983), that only the days of actual hearing are excluded, while the Commonwealth contends that the period from the filing of the motion until the conclusion of the hearing should be excluded. As noted in *Barry*, a different approach is taken by the Reporters' Notes. *Ibid.* That approach excludes the period "from the date on which the request for hearing on the pretrial motion is filed; or, if no such request is filed, from the date the hearing is ordered, until the conclusion of the hearing." Reporters' Notes to Mass.R.Crim.P. 36, Mass. Ann. Laws, Rules of Criminal Procedure at 528 (Law. Coop. 1979). The Reporters' Notes are "an influential guide." *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 371 (1986). See Smith, Criminal Practice and Procedure § 2284 (2d ed. 1983 & Supp. 1996).

The record before us does not indicate when, if ever, a hearing was requested or when the hearing was ordered, thus precluding us from determining whether the exclusionary periods brought the total period within the twelve-month standard under the Reporters' approach. In any event, we need not decide which, if any, of the periods should apply as it was within the judge's discretion to determine that the second complaint should be dismissed in the present circumstances.[5]

There was no question that the first judge had put the Commonwealth on notice that August 26, 1993, was a definite date for trial and that because of the impending departure

---

[4]The judge also used stronger language characterizing the Commonwealth's action as "wanton and extremely negligent."

[5]For the same reason we need not consider whether the defendant was entitled to dismissal under *Barker* v. *Wingo*, 407 U.S. 514 (1972).

of the defendant's witnesses there would be no further continuances after the one granted on June 15. Nevertheless, the Commonwealth neglected to inform the complaining witness of the trial date and had not summonsed any of its witnesses.

"The speedy trial right is primarily designed to ensure that an accused shall enjoy a full and fair trial, *including the right to present witnesses of his choice* for any potential effect they might have on the deliberative process of the jury, assuming that the intended testimony is admissible" (emphasis supplied). *Commonwealth* v. *Look,* 379 Mass. 893, 902 (1980). Thus, the definite trial date was set by the first judge to ensure the defendant's speedy trial rights. "[D]elays that would be excused or considered negligible in the ordinary case may amount to excessive delay when the defendant's right to a speedy trial is made specific by court order." *Commonwealth* v. *Whittier,* 378 Mass. 19, 22 (1979).

In this case the defendant's ability to present his witnesses was significantly impaired. While a defendant need not show "that a missing witness might have produced direct (in the sense of eyewitness) evidence of innocence," *Commonwealth* v. *Look,* 379 Mass. at 901-902, the defendant, by means of Diane Self's affidavit, proffered such direct evidence. Comparing the facts in her affidavit with the probable evidence of the Commonwealth, see note 1, *supra,* the judge was warranted in finding prejudice. Contrast *Commonwealth* v. *Connelly,* 418 Mass. 37, 39 (1994). While we are inclined to question the judge's view that the prosecutor was "wanton," see note 4, *supra,* the Commonwealth was certainly negligent, and while negligent action "is to be weighed less heavily than [action] calculated to frustrate the defense of an accused . . . we believe, nevertheless, that it should be weighed quite heavily against the Commonwealth." *Commonwealth* v. *Look,* 379 Mass. at 899-900. The Commonwealth failed to be ready for trial despite a specific court order based on speedy trial principles, waited almost three months to obtain a new complaint, and then refused to pay for the witness's trip to Massachusetts. Although, had the matter been before us, we might have conditioned the dismissal on such payment by the Commonwealth, we do not consider it an abuse of discretion on the part of the judge not to have done so, particularly in view of his experience with the prosecutors of the county which

led him to conclude that had he followed that course, the end result would have, in any event, been a dismissal. Thus, although dismissal here probably is not mandatory under rule 36(c), the rule does not deny "a judge the inherent right in his discretion to determine that [a complaint] should be dismissed" under certain circumstances. *Commonwealth* v. *Balliro*, 385 Mass. 618, 623 (1982). See also *Commonwealth* v. *Plantier*, 22 Mass. App. Ct. 314, 318 (1986). The action of the judge was within his discretion under the principles of the two foregoing cases.

*Judgment affirmed.*