COMMONWEALTH *vs.* JAMES ROBINSON. May 14, 1982. The defendant in this case defaulted in November, 1970. That same month a default warrant issued, and subsequently the defendant's bail was forfeited. In 1973 the indictment containing two counts charging sale of heroin was filed pending his arrest. On June 22, 1981, he appeared in the Superior Court. The default was removed and the case continued to July 15, 1981, for a change of plea. On that date the defendant appeared and offered a guilty plea. During the judge's examination of the defendant to determine whether his plea satisfied the requirements of *Boykin* v. *Alabama*, 395 U.S. 238, 243-244 (1969), and its progeny, the judge became concerned with whether the Commonwealth had been diligent in its efforts to bring the defendant into court and virtually directed the defendant to file a motion to dismiss. The motion was filed. The assistant district attorney was afforded no opportunity to prepare a case against this unexpected development but nevertheless, he objected to the allowance of the motion and made an off-the-cuff argument based on *Barker* v. *Wingo*, 407 U.S. 514 (1972). The judge allowed the motion, and the indictment was dismissed. The Commonwealth has appealed. Mass.R.Crim.P. 15(b)(1), 378 Mass. 883 (1979).

The judge erred in dismissing the indictment for at least two reasons: (1) he did not afford the Commonwealth an opportunity to prepare a case against the allowance of the motion (see generally Mass.R.Crim.P. 13, 378 Mass. 871 [1979]) and (2) he appears to have made his judgment only on the basis of the length of delay, without considering or balancing the factors required to be assessed by *Barker* v. *Wingo*, *supra* at 530-532. See also Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979). The case of *Commonwealth* v. *Green*, 353 Mass. 687 (1968), does not support the judge's action. That case is distinguishable on its facts, the only similarity to this case being the length of delay.

The order dismissing the indictment is reversed, and the motion is to stand for hearing should the defendant desire to press it.

*So ordered.*

*Muriel Ann Finnegan*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with her) for the Commonwealth.
*Melvin Silverman* for the defendant.