COMMONWEALTH vs. JOSEPH P. ZANNINO.

Suffolk.   September 14, 1983. — November 10, 1983.

Present: HALE, C.J., CUTTER, & BROWN, JJ.

*Practice, Criminal,* Dismissal, Speedy trial, Agreement between defend-
ant and prosecutor.  *Constitutional Law,* Double jeopardy, Speedy
trial.  *Words,* "With prejudice."

A judge in the Superior Court, when considering a defendant's motion to
dismiss an indictment charging the same offense as that charged in a
complaint previously dismissed "with prejudice" by a District Court
judge, had the authority to determine whether the District Court
judge had exceeded his authority in dismissing the complaint and thus
whether the dismissal was binding in the Superior Court proceedings.
[75-76]
A District Court judge exceeded his authority in dismissing a criminal
complaint "with prejudice," absent any denial of the defendant's
speedy trial rights, any detrimental reliance by him on any alleged
pretrial agreement with the prosecutor, or any double jeopardy claim,
and, consequently, the Commonwealth was not precluded from pro-
ceeding against the defendant by an indictment charging the same of-
fense.  [77-82]

INDICTMENT found and returned in the Superior Court
Department on July 20, 1982.

The case was heard by *Hallisey,* J., on a motion to dis-
miss.

*Leonard J. Henson,* Assistant District Attorney (*Paul J.
McCallum,* Legal Assistant to the District Attorney, with
him) for the Commonwealth.

*Juliane Balliro* for the defendant.

HALE, C.J.   The Commonwealth appeals (Mass.R.Crim.
P. 15[b], 378 Mass. 883 [1979]), from an order of the
Superior Court which dismissed one of two indictments
pending against the defendant.  The Superior Court judge
thought dismissal of the indictment was required because it

was beyond his power to determine whether a District Court judge exceeded his authority in earlier ordering a complaint charging one of the same offenses "dismissed with prejudice." We reverse and hold that such power exists. We further reach the merits of the District Court's action and conclude that the District Court judge exceeded his authority in dismissing with prejudice complaints pending against the defendant.

The defendant was arrested on June 8, 1982. The following day he was arraigned in the Boston Municipal Court Department (District Court) on complaints charging him with (i) mayhem (see G. L. c. 265, § 14), (ii) assault and battery by means of a dangerous weapon, to wit, chemical mace (see G. L. c. 265, § 15A), and (iii) various offenses relating to unlawful possession of a controlled substance (see G. L. c. 94C, § 34). The defendant next appeared in that court on July 19, 1982. On motion by the defendant and over the Commonwealth's objection, the judge "dismissed with prejudice" the drug charges and the charge of assault and battery by means of a dangerous weapon. The hearing proceeded with an inquiry into probable cause with respect to the mayhem complaint, at the conclusion of which the judge found no probable cause.

On the same day, July 19, 1982, the Commonwealth presented the case to a Suffolk County grand jury, which returned indictments for assault with intent to maim and disfigure (No. 040523) and assault and battery by means of a dangerous weapon, to wit, a liquid, gas, powder or other substance designed to incapacitate (No. 040522). On November 17, 1982, the defendant moved to dismiss the assault and battery charge (No. 040522). The Superior Court judge deemed that it was not his function to act as an appellate court to pass on whether the District Court judge properly dismissed with prejudice a complaint charging the same offense. He ruled that he was bound by the District Court judge's action and allowed the defendant's motion to dismiss indictment No. 040522.

## 1. *Superior Court's Dismissal of the Indictment.*

We are of opinion that the Superior Court judge had the power to decide whether (considering the whole situation) the District Court judge exceeded his authority in dismissing the complaints "with prejudice." This is the clear implication of the action taken by the Supreme Judicial Court in its consideration of *Commonwealth* v. *Balliro,* 385 Mass. 618 (1982). In that case the Commonwealth appealed from a Superior Court judge's order allowing the defendant's motion to dismiss indictments. That judge's action was taken because a District Court judge had earlier dismissed an application for complaints on substantially the same charges. In stating the scope of review, the Supreme Judicial Court said, "We review the propriety of the dismissal of the indictments on the same record as that which was before the Superior Court judge. Although we give deference to his conclusions, they are entitled to no special weight in the appellate process . . . . The question before us, *as it was before the Superior Court judge,* is whether the District Court judge exceeded his authority in deciding to dismiss the application for complaints."[1] *Id.* at 622 (emphasis supplied). Therefore, although *Balliro* upheld the action of the District Court, its analysis presupposes, and its language indicates, that the Superior Court judge had the power to consider whether it was within the discretion of the District Court judge to allow a motion to dismiss the application for complaints.[2] In the absence of explicit or implicit supporting

---

[1] We find no distinction of substance for our purposes here between dismissal of an application for complaint and dismissal of the complaint itself.

[2] Similarly, *Commonwealth* v. *Ludwig,* 370 Mass. 31 (1976), implicitly recognizes that a District Court dismissal of a complaint with prejudice must properly rest on a ground warranting such action before it will preclude subsequent prosecution by indictment in the Superior Court. In *Ludwig,* the District Court allowed, without opinion, the defendant's motion to "dismiss with prejudice" complaints on the grounds of double jeopardy and denial of speedy trial. The prosecutor subsequently obtained indictments charging the same offenses, and the defendant moved to dismiss these indictments. The Superior Court denied this motion and

grounds, the mere formulation "dismissed with prejudice" does not prevent subsequent prosecution by indictment.[3]

In the posture of this case the Superior Court judge had both the power and duty to determine whether the prior dismissal was binding in the proceedings before him. This, in turn, required the judge to consider whether the District Court judge exceeded his authority in dismissing the complaints "with prejudice."[4]

---

the defendant appealed. The Supreme Judicial Court held (i) that the Superior Court judge did not err in refusing to dismiss the indictments based on double jeopardy grounds because "nothing occurred in the District Court proceedings which would have warranted or supported a decision" for that reason, and (ii) that the Superior Court did err in refusing to dismiss the indictments based on denial of speedy trial because sufficient facts existed such that "a decision to dismiss on speedy trial grounds could have been warranted in the circumstances." *Id.* at 33. In *Ludwig*, as is the case here, the exact nature of the action taken by the District Court judge was determined not by the wording of his decision but by whether the ruling could possibly represent the determination of an issue warranting dismissal with prejudice. Cf. *Commonwealth v. Babb*, 389 Mass. 275, 281 (1983). *A Juvenile v. Commonwealth*, 380 Mass. 552, 556, 557 (1980).

[3] It has long been the rule in this Commonwealth that dismissal of a criminal complaint without trial on the merits is no bar to prosecution by indictment for the same offense charged in the complaint dismissed. *Commonwealth v. Ballou*, 350 Mass. 751, 752 (1966), and authorities cited. However, there are exceptions to this rule, as (i) where dismissal gives rise to a claim of double jeopardy (see *Commonwealth v. Ludwig*, 370 Mass. at 33), (ii) where dismissal may be based on a claim of prosecutorial misconduct (see *Commonwealth v. Thomas*, 353 Mass. 429 [1967]), or (iii) where it is based on a true speedy trial argument (see *Commonwealth v. Balliro*, 385 Mass. at 623-624). To accommodate this prosecutorial prerogative while keeping it within proper limits, courts look beyond the wording of the District Court action to decide whether the dismissal of the complaint properly can be treated as based on some ground authorizing a "dismissal with prejudice." See, e.g., *Commonwealth v. Ludwig*, 370 Mass. at 33; *Commonwealth v. Pomerleau*, 13 Mass. App. Ct. 530, 535-536 (1982); *Commonwealth v. Bailey*, 13 Mass. App. Ct. 1019 (1982).

[4] The defendant has not raised, and we do not decide, the question whether the failure of the Commonwealth directly to appeal a District Court dismissal of complaints pursuant to G. L. c. 278, § 28E, and Mass. R.Crim.P. 15(a)(1), 378 Mass. 882-883 (1979), bars the subsequent prosecution of the identical offense by indictment. However, we note that the enactment of the Court Reorganization Act was not intended in any way

## 2. *District Court's Dismissal of the Complaint.*

We now turn to the July 19, 1982, hearing, which took place six weeks after the defendant's arrest and was the first court date for the defendant since arraignment, to determine whether the District Court judge exceeded his authority in dismissing the complaint with prejudice.[5]  We conclude that there was no evidence, nor any action by the prosecutor, nor any indication in the record which could have warranted this draconian action.[6]

Before the court were complaints charging mayhem and assault and battery by means of a dangerous weapon. While these offenses would have been triable jointly in the Superior Court (see Mass.R.Crim.P. 9[a], 378 Mass. 859 [1979]), the final jurisdiction of the District Court did not extend to the mayhem charge (see G. L. c. 218, § 26, and c. 276, § 14).  The proceedings employed here involved trying the assault and battery by means of a dangerous weapon charge on the merits and holding a separate probable cause hearing on the mayhem charge.  Both charges arose out of the same incident.  To do this, while perhaps within the District Court judge's discretion, was at best inappropriate. The better practice would have been to have heard both charges on the question of probable cause as requested by the prosecuting attorney, who had not been dilatory.

---

to impair "existing powers" (St. 1978, c. 478, § 1) and that radical changes in the law are not "to be lightly supposed."  See *Commonwealth v. Raposa,* 386 Mass. 666, 669 (1982) (holding that a prosecutor's powers to seek indictments and to nol pros complaints and indictments were not affected by the Court Reorganization Act).  See also *Commonwealth v. Balliro,* 385 Mass. 621 n.4 (rule 15[a][1] "says nothing expressly to limit the Commonwealth from appealing from the dismissal of an indictment because a complaint charging the same offense had been dismissed").

[5] The complaints involving unlawful possession of controlled substances stemmed from the ensuing search incident to arrest and were also dismissed.  No question of the propriety of the dismissal of those complaints is raised.

[6] This appears to have been the view of the Superior Court judge.

The colloquy leading to the dismissal with prejudice of the charge of assault and battery by means of a dangerous weapon appears on three pages of transcript, and may be summarized as follows: The prosecutor had his witnesses present. He moved for a probable cause hearing on all the complaints. Defense counsel immediately interjected, stating, "I'm here ready for trial." "We move for trial today [on all but the mayhem charge]" and "[u]p until last Friday morning I fully expected these matters were going to be disposed of today." Defense counsel accepted a probable cause hearing on the mayhem charge but moved to dismiss "the other complaints, without with [sic] prejudice." Without either waiting or requesting to hear the prosecutor's position, the judge ruled, "We'll go for trial then." And when the prosecutor attempted to reply, the judge interrupted, "I'll take jurisdiction. I'll take jurisdiction." When the prosecutor again stated he would not move for trial but moved only for probable cause, defense counsel moved that the cases "other than the mayhem complaint be dismissed without prejudice." The prosecutor argued that "these matters always are coupled together and either bound over or not bound over." The judge responded, "Except when there's a demand for trial, . . . [the defendant] has a right to have a trial." Apparently sensing that his position had become stronger, defense counsel moved "that the other complaints be dismissed with prejudice if the Commonwealth does not proceed to trial here today" adding, "I think I'm entitled to that as a matter of right." The judge agreed. Further colloquy ensued which in part claimed an understanding between defense counsel and two other prosecutors that the case would go to trial if a plea agreement could not be negotiated. The embroglio then ended, and the judge, over the objection of the Commonwealth, "dismissed with prejudice" all the pending complaints except the mayhem charge.

We acknowledge that if the crime charged is within the final jurisdiction of the District Court, the threshold decision whether to conduct a full trial on the merits or only a

probable cause hearing is, at least ordinarily, a question for the judge and not the prosecutor. See *Commonwealth* v. *Harris,* 8 Gray 470, 478 (1857); *Commonwealth* v. *Rice,* 216 Mass. 480, 481 (1914); *Corey* v. *Commonwealth,* 364 Mass. 137, 143 n.9 (1973); *Commonwealth* v. *Clemmons,* 370 Mass. 288, 291 (1976). G. L. c. 218, § 30. The judge therefore could decide whether to proceed with a trial of the assault and battery by means of a dangerous weapon complaint or a simple bindover hearing. The record, however, discloses that the prosecutor was given no real opportunity to present his case against the exercise of jurisdiction. In fact, after hearing only from defense counsel, the judge ruled immediately. The power either to exercise jurisdiction or to bind the defendant over for trial in the Superior Court, "like all powers the exercise of which is discretionary, is not to be used arbitrarily, but in view of the circumstances of each particular case." *Commonwealth* v. *Rice, supra* at 481. At least where, as here, the Commonwealth faces the undesirable prospect of having two complaints that charge related offenses separated for trial by reason of an adverse trial or bindover decision, the judge ought to afford the Commonwealth an opportunity to be heard. He certainly should not make the decision after hearing only the defendant's position. See *Corey* v. *Commonwealth, supra* at 142 n.7.[7] Moreover, the judge's ruling went far beyond the initial trial or bindover decision, for he took the ultimate step of dismissing the complaint "with prejudice."

A judge's power to dismiss a case over the objection of the Commonwealth is limited by the necessity for compliance with the procedures articulated in *Commonwealth* v. *Brandano,* 359 Mass. 332 (1971). The court there held "as a matter of sound criminal procedure and practice" that,

---

[7] "[I]n order to show an exercise of a valid legal discretion a dismissal in the 'furtherance of justice' requires consideration both of the constitutional rights of the defendant *and* the interests of society represented by the [Commonwealth] . . . . '[T]he integrity of the judicial system' requires that it not only be beyond suspicion but must appear to be so." (Emphasis supplied.) *Commonwealth* v. *Brandano,* 359 Mass. 332, 336-337 (1971).

when dismissal is sought by a defendant prior to trial, the defendant should file affidavits and the court should conduct a hearing, find facts, and state reasons on the issue whether "the interests of public justice" warrant a dismissal. *Id.* at 335-336, 337. See also Mass.R.Crim.P. 13(a) and 36(c), 378 Mass. 871, 912 (1978). Those procedures are applicable to proceedings in the District Court (*Commonwealth* v. *Eaton,* 11 Mass. App. Ct. 732, 737 [1981]), especially where a motion requests dismissal with prejudice.

It appears that the District Court judge did not comply with the *Brandano* procedures. The judge ruled he would "take jurisdiction" before hearing from the prosecutor. No affidavits were filed by defense counsel though there was time to do so.[8] The judge made no findings of fact and stated no valid reason for his decision, which undoubtedly contributes to the obscurity arising on this appeal concerning just why he dismissed "with prejudice." The net result of these infirmities is that the prosecutor was placed in the position of making "an off-the-cuff" argument (see *Commonwealth* v. *Robinson,* 13 Mass. App. Ct. 1065 [1982]), which required him to attempt to rebut the existence of an "understanding" of which he had no first-hand knowledge. In light of the failure to comply with the *Brandano* procedures, it was error to dismiss the complaints, let alone dismiss them "with prejudice." We are of opinion that the District Court judge abused his discretion and exceeded his authority in allowing the defendant's motion over the objection of the Commonwealth.

The defendant urges here, in support of the District Court judge's allowance of the motion, the deprivation of the defendant's right to a speedy trial. "There was clearly no constitutional or statutory violation. Despite the judge's annoyance at the prosecutor, and despite defense counsel's use of the term 'speedy trial' [at a time much later in the hearing], there is no evidence or indication in the record

---

[8] Defense counsel stated to the court that he had known of the prosecutorial conduct complained of for three days (since "last Friday" morning).

that the prosecution was lacking in diligence, let alone unreasonably lacking in diligence, in bringing the defendant to trial." *Commonwealth* v. *Pomerleau,* 13 Mass. App. Ct. 530, 535-536 (1982). The defendant was arrested June 8, 1982, and arraigned the next day. At the first court date, July 19, 1982,[9] the Commonwealth appeared, ready to conduct a probable cause hearing. On that date there was no period of pretrial delay, and thus there could be no period of presumptively prejudicial pretrial delay. The defendant made no showing of prejudice. The motion was not phrased in terms of the denial of a speedy trial. Argument was not couched in terms of the criteria used to determine whether that right was infringed, and there were no findings made on the issue. Compare *Commonwealth* v. *Silva,* 10 Mass. App. Ct. 784, 785-790 (1980). In short, whatever else may have been decided at that hearing, it was not the denial of the defendant's statutory or constitutional right to a speedy trial.

The defendant also urges that the District Court judge's decision is justified by the breach of a pretrial "agreement" by the prosecutor. At the July 19 hearing, defense counsel stated there was a "very clear understanding" that if plea negotiations failed by Friday, "we were all going to be ready for trial . . . this morning." No compromise settlement was reached, and the defendant stated that he was informed on that Friday that prosecutors intended to go forward only with a probable cause hearing on Monday. This, defense counsel stated, took them "very much to our disadvantage."

There was nothing before the District Court judge which could have warranted a finding of such disadvantage. It is essential that the defendant show reasonable and detrimental reliance on an alleged promise of this type. *Commonwealth* v. *Tirrell,* 382 Mass. 502, 512 (1981). *Commonwealth* v. *Spann,* 383 Mass. 142, 145 (1981). *Commonwealth* v. *Eaton,* 11 Mass. App. Ct. at 735-736. Aside from

---

[9] No question of any violation of G. L. c. 276, § 35, has been raised.

the defendant's failure properly to present the issue by affidavit (see *Brandano, supra*), the alleged "agreement," if it existed, amounted to no more than a statement of intention by the prosecutor, which hardly could induce reasonable and detrimental reliance. Defense counsel specified no prejudice, nor do we see how prejudice could arise in the circumstances.[10] The District Court judge did not rely on the existence of prejudice, but appears to have ruled that, since the defendant expected and demanded a trial, he was entitled to a trial as a matter of right. Compare *Corey* v. *Commonwealth*, 364 Mass. at 143 n.9.

The order of the Superior Court allowing the defendant's motion to dismiss indictment No. 040522 is reversed, and the case is to stand for further proceedings in the Superior Court.

*So ordered.*

---

[10] Detrimental reliance cannot be inferred by speculating that the defendant overprepared for the hearing on July 19, 1982, because he was expecting a trial. To see any possibility of detrimental reliance in this case, one would have to perform the mental gymnastic of speculating that the defendant forbore from entering into good faith negotiations in reliance on the "promise" to go to trial and in the hope of obtaining a trial in the District Court, thus severing the Commonwealth's charge of assault and battery from the mayhem charge. Such a novel situation should not be inferred from the record where, as here, neither party has suggested that this was the situation.