EYDRIS ADAMS *vs.* COMMONWEALTH.

Suffolk. April 8, 1993. - June 1, 1993.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Double jeopardy. *Practice, Criminal*, Double jeopardy, Lesser included offense, "Two-tier" court system.

In the case of a defendant who was convicted at a District Court bench trial on a complaint charging homicide by negligent operation of a motor vehicle and who sought a de novo trial in a jury session, there was no merit to the contention that the judge's disposition of a companion complaint charging the lesser included offense of operating a motor vehicle negligently so as to endanger had the effect of an acquittal at the bench trial so as to bar, on double jeopardy principles, subsequent prosecution for the greater crime. [362-363]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 10, 1992.

The case was reported by *Nolan*, J.

*Murray A. Kohn* for the plaintiff.

*Vincent R. McDonough*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. Eydris Adams (whom we shall call the defendant), asserting double jeopardy principles, argues that his trial in a jury session of the Dorchester Division of the District Court Department on a charge of homicide by negligent operation of a motor vehicle (G. L. c. 90, § 24G [*b*] [1990 ed.]) was barred by what occurred at his earlier bench trial in the Dorchester District Court. We disagree.

In March, 1992, the defendant was charged with motor vehicle homicide by negligent operation, with operating a motor vehicle negligently so as to endanger (G. L. c. 90, § 24 [2] [*a*] [1990 ed.]), and with several other motor vehicle offenses arising out of a motor vehicle accident. The

charges were tried before a judge in the Dorchester District Court on April 23, 1992.

After the presentation of evidence and argument of counsel, the judge announced that the defendant was guilty on all counts. Defense counsel then began a comment regarding negligence, the balance of which the transcript states to be inaudible. The judge said that the count of driving negligently so as to endanger "merges" with the count of motor vehicle homicide based on negligent operation. Defense counsel then said, "So, that's not guilty on that?" to which the judge replied, "Not guilty on that." The judge sentenced the defendant on the motor vehicle homicide charge to two years in a house of correction. The clerk, in announcing the various dispositions, stated that on the count of operating negligently "the Court will dismiss (inaudible)." The docket indicates as to the negligent operation of a motor vehicle charge: "NOT GUILTY DUPLICIOUS [*sic*] W/ PT. A," referring to the motor vehicle homicide count. The defendant exercised his right of appeal to the jury session of the District Court Department.

Based on his view of the disposition of the charge of negligent operation of a motor vehicle at his bench trial, the defendant moved in the jury session that the motor vehicle homicide count be dismissed, alleging violations of his constitutional and common law rights against twice being put in jeopardy. That motion was denied. On June 8, 1992, the defendant pleaded guilty to the motor vehicle homicide count and was sentenced to two years in a house of correction, one year of which was to be served. The judge stayed execution of sentence pending review of the double jeopardy ruling by a single justice of this court.

The defendant also sought a stay of execution of the sentence from a single justice of this court. The single justice did stay execution of the sentence imposed on the motor vehicle homicide charge and reserved and reported the case to the full court.

The defendant presents a simple argument focused solely on the fact that the bench trial judge uttered the words "not

guilty" in disposing of the charge of driving negligently so as to endanger. He asserts that, because the judge stated that the defendant was not guilty of the offense of operating a motor vehicle negligently so·as to endanger, he could not properly have been tried for the offense of homicide by negligent operation of a motor vehicle. We grant that, under double jeopardy principles, a not guilty finding on a lesser included charge (here, driving so as to endanger) would bar a subsequent prosecution for the greater crime (here, motor vehicle homicide). See *Brown* v. *Ohio*, 432 U.S. 161, 169 (1977) ("[w]hatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense"); *Commonwealth* v. *Mahoney*, 331 Mass. 510, 513 (1954). Cf. *Commonwealth* v. *Nardone*, 406 Mass. 123, 132-133 (1989) ("defendant convicted of a lesser-included offense normally cannot be retried on the greater offense initially charged").

The defendant disregards what in fact happened at the bench trial. The judge found the defendant guilty of the greater offense (motor vehicle homicide) and, in doing so, the judge unavoidably also found the defendant guilty of the lesser included crime (driving so as to endanger). See *Commonwealth* v. *Jones*, 382 Mass. 387, 394 (1981). In fact, the judge said so in announcing his findings. He concluded that the defendant was guilty of the greater offense, never said that the defendant was not guilty of that offense, and sentenced the defendant on that offense. The judge, at the defendant's urging, apparently recognized that, because of double jeopardy principles, the defendant could not be sentenced on the lesser offense as well. Although the statement that the defendant was not guilty of the lesser included offense because the lesser offense was duplicitous of the greater offense is not an artful one, it correctly concludes that the count for the lesser crime must be disregarded in the circumstances. A better approach would have been to dismiss the driving so as to endanger count without prejudice. Be that as it may, the judge did not find the defendant not guilty of the lesser offense in any sense that has double jeopardy signifi-

cance. See *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) ("what constitutes an 'acquittal' is not to be controlled by the form of the judge's action").

This is not a situation in which the prosecution is seeking an improper second chance to convict a defendant. The defendant was found guilty of motor vehicle homicide and claimed a de novo trial. It is he who seeks a second chance, not the Commonwealth. The Supreme Court of the United States would look at the substance of what happened in the course of the bench trial and would conclude that double jeopardy protections under the Constitution of the United States have no application here that is beneficial to the defendant. See *United States* v. *Scott*, 437 U.S. 82, 98 n.11 (1978) ("this Court has had no difficulty in distinguishing between those rulings which relate to 'the ultimate question of guilt or innocence' and those which serve other purposes"); *Sanabria* v. *United States*, 437 U.S. 54, 66-69 (1978) (Court analyzed whether the trial court's ruling of acquittal was, in substance, dismissal or acquittal); *United States* v. *Martin Linen Supply Co.*, *supra* ("we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged"). We reach the same result under the law of the Commonwealth. In doing so, we conclude that the Constitution of the Commonwealth as well as the common law concerning double jeopardy does not aid the defendant.

An order shall be entered in the county court vacating the stay of the defendant's sentence on the count of the complaint charging the defendant with homicide by negligent operation of a motor vehicle.

*So ordered.*