COMMONWEALTH *vs.* MARK E. MAGNUSON. No. 95-P-29. August 9, 1995. *Motor Vehicle*, Operating under the influence. *Practice, Criminal*, Double jeopardy. *Constitutional Law*, Double jeopardy.

The Commonwealth appeals from an order of a District Court judge dismissing a complaint for operating a motor vehicle while under the influence of intoxicating liquor (OUI). An earlier complaint charging the same offense was dismissed in these circumstances: the Commonwealth, realizing that the defendant had a previous OUI conviction, filed a pretrial motion to dismiss the pending OUI complaint so as to replace it with a new complaint charging OUI, second offense. The defendant disputed the applicability of the enhanced penalties applicable under G. L. c. 90, § 24, to second offenses but agreed to the dismissal provided that it was stated to be "with prejudice." The Commonwealth agreed; the original complaint was dismissed "with prejudice" upon the Commonwealth's submitting a new complaint charging OUI, second offense. The defendant was then tried on the second complaint. The trial judge, agreeing with the defendant as to the inapplicability of the second offense provisions of § 24, found the defendant guilty of so much of the complaint as charged simple OUI. Under the trial de novo system then in effect, the defendant appealed from the guilty finding to the District Court jury-of-six session and there moved for dismissal of the complaint on the ground of double jeopardy.

The motion should not have been allowed. When the original OUI complaint was dismissed, no trial had begun, and jeopardy had not attached. *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976). The case does not fall within any of the exceptions (see *Commonwealth* v. *Zannino*, 17 Mass. App. Ct. 73, 76 n.3 [1983]) to the general rule that a dismissal of a criminal complaint without trial on the merits is no bar to later prosecution for

the same offense. *Commonwealth* v. *Ballou*, 350 Mass. 751, 752 (1966). The fact that the dismissal was stated to be "with prejudice" is not controlling. *Commonwealth* v. *Babb*, 389 Mass. 275, 281 (1983). See *Adams* v. *Commonwealth*, 415 Mass. 360, 362-363 (1993). A "dismissal . . . with prejudice must properly rest on a ground warranting such action before it will preclude subsequent prosecution . . . ." *Commonwealth* v. *Zannino*, *supra* at 75 n.2.

The order dismissing the complaint is reversed, and the case is to stand for retrial on so much of the complaint as charges simple OUI.

*So ordered.*

*Daniel S. Field*, Assistant District Attorney, for the Commonwealth.
*Gerard F. Lane* for the defendant.