HENRY GREENBERG *vs.* COMMONWEALTH. September 10, 2004. *Practice, Criminal,* Double jeopardy. *Constitutional Law,* Double jeopardy.

Henry Greenberg appeals from the denial by a single justice of this court of his petition pursuant to G. L. c. 211, § 3. In his petition, he claimed that double jeopardy principles barred the Commonwealth's prosecution of him on charges of operating a motor vehicle while under the influence of alcohol (second offense), and leaving the scene of an accident involving property damage, because he had also been committed to Bridgewater State Hospital under G. L. c. 123, § 35, for treatment for alcoholism[1] stemming from the same events.[2] We affirm.[3]

Greenberg's argument is the functional equivalent of one this court rejected in *Dutil, petitioner,* 437 Mass. 9 (2002), which arose in the analogous context of commitment as a sexually dangerous person pursuant to G. L. c. 123A. There, the court stated that the double jeopardy prohibition applies "only when the statute at issue is criminal or punitive in nature." *Id.* at 19, citing *Kansas* v. *Hendricks,* 521 U.S. 346, 361 (1997). For the reasons stated in the *Dutil* case, we determine that a commitment for alcohol treatment under G. L. c. 123, § 35, is civil and remedial in nature, not punitive. *Id.* at 20. See G. L. c. 123, § 35 (commitment under statute "shall be for the purpose of inpatient care in public or private facilities approved by the department of public health . . . for the care and treatment of alcoholism or substance abuse"). Greenberg contends that, even if the statute's purpose is remedial, the conditions of his confinement rendered it punitive as applied to him. As stated in *Dutil, petitioner, supra,* "the specific conditions of . . . confinement [under a civil, remedial statute] do not convert the statute from civil to punitive." *Id.* at 20. Thus, double jeopardy principles do not bar Greenberg's prosecution, and the single justice correctly denied his petition.

We are, however, disturbed by the circumstances leading to Greenberg's commitment. We agree fully with the determination of the single justice of the Appeals Court (see note 1, *supra*) that the procedural protections required by G. L. c. 123, § 35, and G. L. c. 276, § 25, were not met in this case, and that the expert's affidavit supporting the commitment petition was wholly insufficient. We trust that this case will prove the exception and not the rule in commitment proceedings under G. L. c. 123, § 35.

*Judgment affirmed.*

*Stephen J. Gordon* for the plaintiff.

*Ellyn H. Lazar-Moore,* Assistant District Attorney, for the Commonwealth.

[1]A single justice of the Appeals Court determined that the civil commitment was improper and ordered Greenberg released from the State hospital.

[2]Greenberg bases his double jeopardy claim on both Federal and Massachusetts law. He correctly makes no argument that, in these circumstances, the common law provides him with greater protection than Federal principles. See *Luk* v. *Commonwealth,* 421 Mass. 415, 416 n.3 (1995), citing *Adams* v. *Commonwealth,* 415 Mass. 360, 363 (1993) (result is same under Fifth Amendment to the United States Constitution and laws of Commonwealth).

[3]Greenberg filed a memorandum and appendix in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), and the appeal was permitted to proceed according to the regular appellate process "[b]ecause of the nature of the protection against double jeopardy . . . ." See *Powers* v. *Commonwealth,* 426 Mass. 534, 534-535 (1998); *Neverson* v. *Commonwealth,* 406 Mass. 174, 175-176 (1989).