Agnes, J.
The question before us is whether the plaintiff, Temis-tocles Omar Santana, is eligible to bring a claim for relief under the erroneous conviction statute, G. L. c. 258D, because his conviction was reversed due to the effect of an improper jury instruction.[1] The plaintiff contends that he is eligible to bring such a claim because he was granted judicial relief “on grounds which tend to establish the [plaintiffs] innocence.” G. L. c. 258D, § l(B)(ii). We dis *373 agree, and affirm the judgment that entered on the parties’ cross motions for summary judgment.
Background. In 2009, the plaintiff and another (codefendant) were each indicted as youthful offenders on three indictments charging aggravated rape by joint venture and one indictment of assault with intent to commit rape.[2] The cases were tried together. The trial judge instructed the jury on the lesser included offenses of rape on each of the three charges of aggravated rape. The jury returned a single verdict of guilty of rape against the plaintiff on the count charging him as a joint venturer in which it was alleged that the crime was committed by means of the codefendant’s penis.[3] The plaintiff was acquitted on all other charges. The plaintiff was sentenced to a term of from four to six years in State prison. The plaintiff was released from prison in April, 2011, as the result of a decision by a panel of this court, which determined that the judge should not have instructed the jury on the lesser included offense of rape, and that “no rational view of the evidence” supported the jury’s verdict that the plaintiff was guilty of rape, but not aggravated rape.[4]
*374 Discussion. The erroneous conviction statute, G. L. c. 258D, §§ 1-9, represents a limited waiver of the Commonwealth’s sovereign immunity so as to permit eligible persons who were wrongfully convicted and imprisoned to file a civil action in the Superior Court and to pursue remedies including recovery of up to $500,000 in damages. See Guzman v. Commonwealth, 458 Mass. 354, 355-356 (2010) (Guzman II). In the present case, the parties agree that whether the plaintiff is eligible for relief under § 1(B) of the statute depends on whether his conviction was reversed “on grounds which tend to establish [his] innocence.” G. L. c. 258D, § 1(B)(ii). “[T]he eligibility requirement is ‘separate and distinct from the merits of the claim of relief that a claimant must establish at trial,’ namely that he or she did not commit the charged offense.” Renaud v. Commonwealth, 471 Mass. 315, 319 (2015), quoting from Irwin v. Commonwealth, 465 Mass. 834, 839, 842 (2013). See also Guzman II, supra at 360-361 (“we do not discern a legislative intent that the determination of eligibility be tantamount to a testing of the merits of a claimant’s case”).
The eligibility requirement does not mean that the person seeking relief must establish that his conviction was reversed “on the basis ‘of compelling or overwhelming exculpatory evidence,’ that is, on the grounds that they were actually innocent.” Guzman II, supra at 359, quoting from Guzman v. Commonwealth, 74 Mass. App. Ct. 466, 477 (2009) (Guzman I). However, the eligibility requirement does mean that the conviction was reversed “upon facts and circumstances probative of the proposition that the claimant did not commit the crime.” Guzman I, supra.
Summary judgment is appropriate only where no material facts are in dispute. Massachusetts Hosp. Assn. v. Department of Pub. Welfare, 419 Mass. 644, 649 (1995). “On appellate review of a judge’s decision on cross motions for summary judgment, we view the record in the light most favorable to the party against whom the judge allowed summary judgment, here the plaintiff[ ].” Marhefka v. Zoning Bd. of Appeals of Salem, 79 Mass. App. Ct. 515, 516 (2011), citing Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 & n.4 (2010). We review *375 de novo the Superior Court judge’s rulings on the parties’ cross motions for summary judgment. Miller v. Cotter, 448 Mass. 671, 676 (2007).
In Guzman II, supra, the Supreme Judicial Court supplied an illustrative list of cases in which reversals or orders granting a motion for a new trial would not satisfy the eligibility threshold established by G. L. c. 258D. Id. at 358 n.6.[5] While we have “rejected a categorical approach,” Santana v. Commonwealth, 88 Mass. App. Ct. 553, 554 (2015), in determining whether the grounds for judicial relief “tend to establish innocence,” a person seeking relief under G. L. c. 258D does not satisfy the eligibility threshold established by G. L. c. 258D, § l(B)(ii), merely by establishing that the basis upon which his conviction was reversed was “ ‘consistent’ with innocence without any tendency to establish it.” Guzman II, supra at 358 (emphasis in original).
On the plaintiff’s direct appeal from his conviction, the panel explained that on the indictment charging the codefendant with aggravated rape by joint venture in which the Commonwealth’s theory was that there was penile penetration of the victim by the codefendant while the plaintiff sat on her chest, the evidence against the codefendant warranted a lesser included offense instruction and supported the codefendant’s conviction of rape. This is because the jury could have concluded that the codefen-dant engaged in sexual intercourse with the victim by force and without her consent, but rejected the evidence that the plaintiff participated in the act as a joint venturer. There was, therefore, nothing inconsistent about a verdict of not guilty of the greater offense, but guilty of the lesser offense with regard to the code-fendant. However, the same could not be said of the plaintiff; that is, on the corresponding indictment charging the plaintiff with aggravated rape by joint venture, a verdict of not guilty on the greater offense of aggravated rape would not permit a jury to find the plaintiff guilty of the lesser included offense of rape based on the evidence offered in support of that indictment. Commonwealth v. Pinneas P., 79 Mass. App. Ct. 1109 (2011).
What is not resolved by our earlier panel decision reversing the plaintiff’s conviction, however, is whether the jury found the plaintiff not guilty of the greater offense based on a compromise *376 verdict[6] or whether the jury reached that result because it concluded that the Commonwealth had not proved its case. In short, in reversing the plaintiffs conviction of rape, this court concluded that the trial judge had improperly instructed the jury on a lesser included offense option with the result that the jury’s verdict of guilty of the lesser included offense was not only unsupported by the evidence, but it rendered ambiguous the jury’s decision to find the defendant not guilty of the greater offense.[7] Thus, while it is true that principles of double jeopardy preclude any further prosecution of the plaintiff on the earlier indictment, see Adams v. Commonwealth, 415 Mass. 360, 362 (1993), his conviction was not reversed for reasons that tend to establish his innocence. See Commonwealth v. Roth, 437 Mass. 777, 777 (2002) (although judge erred in taking partial verdict on offense as charged after jury reported they were deadlocked because any such verdict may not be “reliable” indicator of whether defendant is guilty or not guilty of crime as charged, defendant may not be retried on any such charge based on principles of double jeopardy).

Judgment affirmed.

 their consolidated direct appeals from the judgments of conviction, the codefendant’s conviction was affirmed and the plaintiff’s conviction was reversed in a memorandum and order pursuant to our rule 1:28. See Commonwealth v. Phineas P., 79 Mass. App. Ct. 1109 (2011). Phineas P. is a pseudonym that refers to the plaintiff in this case.

 The charges arose out of a sexual encounter between the juveniles and a sixteen year old girt at the apartment of a mutual friend. At trial, both the plaintiff and the codefendant admitted they had engaged in sexual activity with the victim, but contended that she had given her consent. The codefendant’s conviction of the lesser included offense of rape was affirmed. Commonwealth v. Phineas P., supra.

 A review of the record in the plaintiff’s appeal from his criminal conviction established that the indictments for aggravated rape against the plaintiff alleged the following: the plaintiff, a youthful offender, (1) “did have sexual intercourse with [the victim], to wit [the codefendant’s] penis inside her genital opening, and did compel [her] to submit by force and against her will, and such sexual intercourse was committed by a joint venture enterprise;” (2) “did have unnatural sexual intercourse with [the victim], to wit: his fingers inside her genital opening, and did compel [her] to submit by force and against her will, and such sexual intercourse was committed by a joint venture enterprise;” (3) “did have sexual intercourse with [the victim], to wit his penis inside her genital opening, and did compel [her] to submit by force against her will, and such sexual intercourse was committed by a joint venture enterprise.”

 After noting that the evidence warranted a lesser included offense instruction against the codefendant and that the codefendant’s conviction of rape was supported by evidence that he had engaged in penile-vaginal intercourse with the victim, the court explained the same result could not be reached in the plaintiff s case because the indictment on which he was convicted was the one in which the rape was alleged to have been committed by means of the codefendant’s penis. “The Commonwealth’s evidence with respect to this charge was that [the plaintiff] sat on the victim’s chest as [the codefendant] had *374 sexual intercourse with her. Although these facts, if believed, would support a finding that [the plaintiff] was guilty of aggravated rape as a joint venturer [on the indictment], it provided no hypothetical basis for the jury to believe he was guilty of the lesser included offense of rape [on that indictment].” (Footnote omitted.) Commonwealth v. Phineas P., supra.

 One of the cases included in that list was Commonwealth v. Vizcarrondo, 427 Mass. 392 (1998), where a new trial was granted due to incorrect jury instructions.

 In Simmons v. Fish, 210 Mass. 563 (1912), the Supreme Judicial Court described a compromise verdict as follows: “A verdict which is the result of real harmony of thought growing out of open-minded discussion between jurors with a willingness to be convinced, with a proper regal'd for opinions of others and with a reasonable distrust of individual views not shared by their fellows and of fair yielding of one reason to a stronger one, each having in mind the great desirability of unanimity both for the parties and for the public, is not open to criticism. But a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel, is a compromise verdict founded upon conduct subversive of the soundness of trial by jury.” Id. at 571.

 This case is readily distinguishable from Guzman II. supra, in which the error was the trial court’s omission of exculpatory evidence, and Commonwealth v. Drumgold, 458 Mass. 367 (2010), in which a new trial was granted based on recantation of several Commonwealth witnesses and one witness’s undisclosed medical condition impacting her ability to identify the defendant. Id. at 371-375. In both of those cases, which led to the plaintiffs being eligible to seek relief under c. 258D, “the fact finder was forestalled from making a fully informed decision as to the defendant’s guilt or innocence” because of the omission of evidence probative of the defendant’s innocence. Id. at 378, citing Guzman II. supra at 362.